## *In re* LLOYD, Bankrupt.

(*District Court, W. D. Pennsylvania.* September 3, 1884)

1. BANKRUPTCY—PARTNERSHIP CREDITORS.
    In bankruptcy, if there is no joint estate, firm creditors have the right to share in the separate estate.
2. SAME—PARTNER ASSUMING FIRM DEBTS.
    Where one of the partners takes the firm assets and agrees to pay the firm debts, the partnership creditors may prove against his estate in bankruptcy, and share *pari passu* with the separate creditors.

In Bankruptcy. *Sur* register's report, etc., upon the proofs of debt by creditors of Lloyd, Hamilton & Co.

*Geo. M. Reade,* for bankrupt's assignee.

*W. G. Chalfant,* for creditors of Lloyd, Hamilton & Co.

ACHESON, J. The question here is whether the creditors of Lloyd, Hamilton & Co., a banking firm composed of Wm. M. Lloyd and Charles H. Hamilton, have the right to prove their debts against the estate of Wm. M. Lloyd, the bankrupt. Briefly, the facts are these: The bankrupt carried on the banking business individually at Altoona, Pennsylvania, under the style of Wm. M. Lloyd & Co.; and at Ebensburg, Pennsylvania, under the style of Lloyd & Co.; and at the same time he carried on a distinct and separate banking business at New York city, with Charles H. Hamilton as his copartner, under the firm name of Lloyd, Hamilton & Co.; and he was also a partner in several other banking firms at other places. In October, 1873, he and all his banking firms suspended. His creditors, however, soon granted him an extension, and he resumed business at Altoona and Ebensburg on or about February 2, 1874. To enable him successfully to carry out his extension scheme, on February 27, 1874, by a written instrument of that date, he and Charles H. Hamilton dissolved partnership, Hamilton withdrawing from the concern and transferring all his interest in the firm and assets of Lloyd, Hamilton & Co. to Wm. M. Lloyd, who, in and by the said instrument, covenanted and agreed individually to assume and pay all the debts of the firm of Lloyd, Hamilton & Co., and to release and discharge Hamilton from the payment thereof. Accordingly, all the assets of that firm were delivered to and appropriated by Wm. M. Lloyd. Subsequently, new time notes or extension certificates, in the firm name of Lloyd, Hamilton & Co., were issued by Wm. M. Lloyd to the firm creditors, who agreed to grant him time. He continued business under his extension until about the middle of August, 1875, when he again suspended. Upon the petition of his creditors, filed November 11, 1875, he was individually adjudged a bankrupt in June, 1878. There never was an adjudication in bankruptcy of the firm of Lloyd, Hamilton & Co. Some of the assets, however, formerly belonging to that firm, but which were transferred to Wm. M. Lloyd under the agreement of February 27, 1874, came into the hands of the assignees in bankruptcy of Wm. M. Lloyd. The evidence also shows Charles H. Hamilton's insolvency and that he was in bankruptcy in 1879 without assets.

Upon this state of facts, the register admitted in proof against the estate of Wm. M. Lloyd the claims of creditors of Lloyd, Hamilton & Co.; and in this, I think, he was clearly right, upon both or either of the grounds following: (1) The rule that the joint estate must be applied to pay the joint debts, and the separate estate to pay the separate debts, is only applicable where the joint estate as well as the separate estate is before the court for distribution. *U. S.* v. *Lewis*, 13 N. B. R. 33. And where there is no joint estate, the firm creditors, under such a state of facts as exists here, have a right to share in the separate estate. Blum. Bankr. 268; *In re Pease*, 13 N. B. R. 168. There is no joint estate here; for, by virtue of the agree-

ment of February 27, 1874, the assets of the firm of Lloyd, Hamilton & Co. still remaining *in specie* are the separate estate of Wm. M. Lloyd, the same as if they had always been his individual property. Colly. Partn. § 894, (5th Amer. Ed.;) *Bullitt* v. *M. E. Church*, 26 Pa. St. 108; *Howe* v. *Lawrence*, 9 Cush. 553. And it is quite immaterial that the assignees have kept a separate account of these assets. (2) Where one of the partners. takes the firm assets and agrees to pay the joint debts, he becomes individually liable; and the partnership creditors may, at their option, prove against his estate in bankruptcy, and share *pari passu* with the separate creditors. Blum. Bankr. 563; *In re Downing*, 3 N. B. R. 181, 183; *In re Long*,. 9 N. B. R. 227; *In re Rice*, Id. 373; *In re Collier*, 12 N. B. R. 266.

At the hearing it was alleged that the proofs of the creditors of Lloyd, Hamilton & Co. were informal. How this is I do not decide, as the matter is not properly before me. If the proofs are objectionable for informality, leave will be granted to amend them. The exception numbered 5, before the register, touching the claims of Lloyd, Huff & Watt and others was not discussed before me, and whether or not those claims, or any of them, come within the ruling I have just made in the matter of the proof tendered by Jesse Chambers, assignee of Lloyd, Huff & Watt, I am now unable to determine from the papers before me. Upon the precise point raised by this exception I now decide nothing. The ruling at present made simply determines that proof against the estate of this bankrupt by creditors of Lloyd, Hamilton & Co. is allowable.

And now, September 3, 1884, the exceptions to the register's report, admitting to proof claims of creditors of Lloyd, Hamilton & Co.,. are overruled, and such proofs are sustained.