William D. Himmelreich and Henry C. Wolfe, trading
as W. D. Himmelreich & Co., appellants, *v.* Jacob Shaf-
fer, T. J. Shaffer and Jacob Shaffer, and T. J. Shaffer
trading as Jacob Shaffer & Son.

*Partnership—Partner's equity—Execution—Individual and partnership
creditors.*

A partnership creditor can work out his equity only through the equity
of the partners, and if there is no partnership as a matter of fact, there is
nothing upon which the partnership creditor can found a claim for pref-
erence.

Where two persons have held themselves out to a third as partners,
although, as matter of fact, no partnership relation existed between them,
the individual creditors of one of such persons, who have levied upon his
property which is alleged to have been partnership property, will have a
preference over partnership creditors whose execution is later in date.

Argued May 3, 1897. Appeal, No. 574, Jan. T., 1896, by
W. D. Himmelreich & Co., from order of C. P. Elk Co., May T.,
1895, No. 30, overruling exceptions to auditor's report. Before
STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and DEAN, JJ.
Affirmed.

Exceptions to report of Rufus Lucore, Esq., auditor.

The court, MAYER, P. J., dismissed the exceptions and con-
firmed the report.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was in dismissing exceptions to auditor's
report.

*Andrew A. Leiser*, with him *McCauley, Ames & Whitmore*,
and *J. M. & P. B. Linn*, for appellants.—Where the goods of
a firm are sold on executions issued for partnership debts, and
also on separate executions against the partners, the firm credit-
ors are entitled to the proceeds, though the individual execu-
tions were prior in date: Coover's App., 29 Pa. 9; Vandike's
App., 17 Pa. 271; Black's App., 44 Pa. 503; Boyer's App.,
163 Pa. 143; Snodgrass's App., 13 Pa. 470; Frow, Jacobs &
Co.'s Est., 73 Pa. 459; Brown v. Beecher, 120 Pa. 590.

*Harry Alvan Hall,* for appellee.—Between partners themselves the assets of the firm constitute a fund for the payment of their liabilities, and each member has an equity which he can enforce to accomplish this result, and of consequence a lien on the property to this extent: 6 Ves. 119; 11 Ves. 3; Story on Part. sec. 360, provided he has not parted with it. But if he has sold it, relinquished, or never has in fact, as in the present case, consummated an interest by compliance with his agreement there can be no lien: Ex parte Ruffin, 6 Ves. 119; Baker's App., 21 Pa. 76; Doner v. Stauffer, 1 P. & W. 198; Schull's App., 115 Pa. 141; Bixler v. Kresge, 169 Pa. 405; York County Bank's App., 32 Pa. 446.

OPINION BY MR. JUSTICE GREEN, July 15, 1897:

This is a contest between the individual execution creditors of T. J. Shaffer and the appellants, as partnership creditors of Jacob Shaffer & Son, over a fund produced by a sale upon execution of certain timber seized upon several executions. There were four writs of fi. fa. issued against T. J. Shaffer individually, and one, that of the appellants, issued against the firm of Jacob Shaffer & Son. The writs in the individual cases had priority, being issued one day prior to the writ in favor of the appellants. The timber was undoubtedly cut under a written contract which purported to be made between the appellants and the firm of Jacob Shaffer & Son, and it is beyond all question that, as between the parties to the contract, both Jacob Shaffer and T. J. Shaffer would be estopped from denying their partnership. But here there are individual creditors of T. J. Shaffer who have a lien on the same property by virtue of their executions, and thus a contest arises as to which set of creditors is entitled to the proceeds. The auditor found that in point of fact there never was a partnership between Jacob Shaffer and T. J. Shaffer, and therefore awarded the fund to the individual creditors. Upon exceptions filed the report of the auditor was confirmed and, thereupon, the present appeal was taken by the partnership creditors. An examination of the testimony is very convincing that the finding of the auditor was correct. T. J. Shaffer was examined as a witness and testified that his father never was his partner, and that in all the rest of his dealings, except those with Himmelreich & Co., he never held himself out as having

a partner, and that all his other operations were conducted by himself alone.   He was asked, " Did you not put your father's name in the Himmelreich contract simply to give them your father as additional security for the fufilment of the contract? A. Yes, sir.   Q. As a matter of fact there was no copartnership between your father and yourself?   A. No more than his name is on that agreement.   There was no partnership between ourselves.   My father's name is signed to the agreement with Himmelreich, and I signed it, but he put nothing in and got nothing out."

As has been already said there is no kind of doubt that, as between Jacob Shaffer & Son and Himmelreich & Co., there was a partnership which could not be denied by Shaffer & Son. But the determination of that question does not settle the present contention.   Here the rights of the individual creditors of T. J. Shaffer are concerned.   Their executions were prior in date of levy, and if they can lawfully set up their individual rights as against the partnership rights of the appellants, they are perfectly at liberty to do so, and under the thoroughly well settled law of the commonwealth they must prevail.   Of course they are not subject to any disqualification to establish by proof the actual state of the facts.   They have done so in this case. The facts are found in their favor, and no matter what the hardship is to the appellants, they must prevail if the law so declares. The subject has been before this court in a number of well considered cases, notably Doner v. Stauffer, 1 P. & W. 198, Baker's Appeal, 21 Pa. 76, York County Bank's Appeal, 32 Pa. 446, and Scull's Appeal, 115 Pa. 141.   It is not necessary to review them in detail.   The leading principle prevails in them all. Perhaps the best annunciation of the doctrine, in circumstances most apposite to those of the present case, was made in York County Bank's Appeal.   There an actual agreement of partnership had been executed, and business was carried on under it for several months, but because one of the partners had not complied with his agreement in paying into the firm the moneys he had agreed to pay, the agreement was held to be nugatory as to the individual creditors of the other partners who had a prior levy, and the fund was awarded to the individual creditor to the exclusion of the partnership creditors.   The entire stock of alleged partnership effects was sold and the proceeds brought

into court for distribution. Said THOMPSON, J., delivering the opinion, " The appellant claims to have his execution, although subsequent in time, first satisfied out of the proceeds of sale, on the ground that his was a partnership debt, and the property sold was partnership property. The appellee claims priority of satisfaction on the ground that as between the partners there was no joint property; that it all belonged to Keys, and that as his separate creditor, he is entitled to be paid out of it, his individual debt in its order of priority. . . . When a creditor levies on the property of a firm, his execution fixes and attaches to this right to the same extent that it existed in the partners, and hence the preference over a separate execution creditor in the distribution. All this is predicable of a case of joint property only. But where there was no joint property the rule has nothing to operate on. The mere name is not enough in such case,—there must be an equity. If that equity never existed, a creditor's execution could not attach to any right, amounting to a lien, to have the assets appropriated to a partnership debt. That Moore has no interest in the firm property is found by the auditor. . . . This being so, the property levied on was individual property in fact, although seized in the firm's name. The appellant cannot work out his equity through the partners, for they, as such, did not exist, inter se, and the individual owner could not give him this right over a prior execution against him individually. The property was all individual property, and priority of seizure gave priority of right in the distribution."

It is true as contended for the appellants that in their contract for the timber the name of Jacob Shaffer & Son appears as the other contracting party, and it was testified for the appellants that checks were given by the appellants on account for the timber sold, in the name of Jacob Shaffer & Son, but it is also true under the testimony that Jacob Shaffer had put no money or other property in the firm, and was entitled to nothing out of it, and it was testified also, and the auditor has so found, that there never was a partnership, nor an agreement for a partnership between the father and son. Between the appellants and the Shaffers there was undoubtedly a partnership, but not as between the appellants and the appellees who are individual creditors of T. J. Shaffer, and have their own rights

of which they cannot be deprived by the mere circumstance that others have rights as between themselves and the alleged partners, but which cannot be set up against the appellees.

In Scull's Appeal, also, there was a nominal partnership, and it was general in all the business in question.   There was a public notice of the partnership by advertisement in the papers, and the alleged partners were to have an interest in the profits, and they participated in the business, giving checks and signing receipts in the firm name.   But the auditor found that there was no actual partnership, and therefore gave preference to the individual over the partnership creditors.   The present Chief Justice, in delivering the opinion, referred the case to the ruling in York County Bank's Appeal, and based the decision upon the same principle, to wit, that the partnership creditor could only work out his equity through the equity of the partners, and if there was no partnership as a matter of fact, there was nothing upon which the partnership creditor could found a claim for preference.   We also applied the same doctrine in Bixler et al. v. Kresge & Green, 169 Pa. 405.   In that case also the contest was between partnership and individual creditors of an alleged firm.   The business of the firm was carried on in the name of the firm, notice to that effect was publicly given out, their goods were bought in the name of the firm, the store books were kept in the same name, as was also the bank account, and checks were drawn in the firm name.   But the auditor held for sufficient reasons that in point of fact there was no actual partnership, and on that ground held that the partnership creditors could not succeed with their claims.   The court below affirmed the auditor's report and we sustained the decree.   It would be a work of supererogation to discuss the subject at length.   It is only necessary to know whether the facts of a given case are brought within the controlling principle.   They are so found in this case upon sufficient testimony; that finding is sustained by the learned court below, and we see no reason for reversing that action.   The assignments of error are not sustained.

Decree affirmed and appeal dismissed at the cost of the appellants.