[S. F. No. 1069.   Department One.—March 28, 1899.]

SACRAMENTO BANK, Respondent, v. PACIFIC BANK, Appellant.   J. M. McDONALD, Intervenor, Appellant.

INSOLVENT BANK—PERCENTAGE DIVIDEND—BASIS OF CREDITOR'S RIGHT—
PREVIOUS COLLECTIONS.—A creditor of an insolvent bank is entitled
to share in each dividend declared by way of percentage, upon
the basis of his original claim as a creditor, without regard to
previous collections, whether from prior dividends, or from
actions brought against solvent stockholders.

ID.—LIABILITY OF STOCKHOLDER—SHARE IN DIVIDENDS—SUBROGATION.—
A stockholder of an insolvent bank is liable for assessments to
the full amount of his subscription to its stock, for the pay-
ment of creditors, and also concurrently liable individually to
each creditor for his proportionate share of his claim; and he
can recover back no portion of the amount paid upon either of
these liabilities, and has no right to share in the dividends of
the bank by way of subrogation to the rights of a creditor to
whom he has paid his proportionate share of his claim.

ID.—FUNDS OF INSOLVENT CORPORATION—RIGHTS OF CREDITORS.—The
funds of an insolvent corporation are all to be dispensed solely
for the benefit of creditors; and no stockholder can be permitted
to share therein by subrogation or otherwise.

APPEAL from a judgment of the Superior Court of the City
and County of San Francisco.   J. C. B. Hebbard, Judge.

The facts are stated in the opinion.

Sawyer & Burnett, for Appellant.

Freeman & Bates, for Respondent.

Roger Johnson, for Intervenor.

GRAY, C.—Appeal from judgment for plaintiff for the sum
of $1,014.38 claimed to be due on the sixth dividend declared
in favor of creditors by directors of defendant.

The appeal is taken on the judgment-roll, from which it ap-
pears that, when the defendant became insolvent and was placed
in liquidation by proceedings of the bank commissioners in
1893, it was indebted to plaintiff in the sum of $20,272.70 or
thereabouts.   The plaintiff presented its claim for that amount
to the defendant and that defendant in due form allowed the

same. That from the defendant plaintiff has collected of this indebtedness, before the commencement of this suit, five dividends of five per cent each, or a total of twenty-five per cent of its original claim, amounting in the aggregate to about $5,071.-90; also from the solvent stockholders plaintiff recovered about $5,100, being the proportion of the remaining seventy-five per cent of plaintiff's claim due from them, leaving a little over $10,000 unpaid on plaintiff's original claim. After all these collections a sixth dividend to the creditors of five per cent was declared by the directors of the insolvent defendant, and the first question presented to the court in this case is, How should plaintiff's right in that dividend be computed, and how much is plaintiff entitled to recover on account of such dividend? The trial court decided that plaintiff's share in the sixth dividend was the same as it had been in each of the first five dividends, and that it was entitled to five per cent of its original claim as it was before anything was collected. There is no explicit statute or previous decision of this court to guide us in this matter, but I think the trial court reached a conclusion that is correct upon principle and is borne out by decisions of courts in other states on questions bearing a close analogy to those involved in this case. "If both the maker and indorser of a promissory note are declared bankrupts, the holder may prove the note for the full amount thereof against the estate of each, and the amount for which he may prove it against the estate of each cannot be affected by any dividends received from the estate of the other, except that the dividends received from the two estates will not in any event be permitted to exceed in the aggregate the amount of the note." (*In re Meyer,* 78 Wis. 615; 23 Am. St. Rep. 435; *Matter of Bates,* 118 Ill. 524; 59 Am. Rep. 383.) In *National Bank v. Porter,* 122 Mass. 308, where the question was what the dividend against the indorser should be where the payee had already received fifty per cent of his note from the maker, the court says: "The plaintiff had received fifty per cent of his debt from the estate of the maker, but this was no reason why the defendants should not pay them the fifty per cent upon the whole debt as they had entered it upon their schedule. The plaintiff was entitled to the benefit of its double security. Where both maker and indorser are liable, the holder of a note may prove the

amount against each, and receive dividends to the full amount of his debt." On the principle followed in these cases, it appears that the plaintiff in this case is in the position of a creditor having two debtors, one being the corporation, all the stockholders representing the other, each of whom owe him his entire claim, and that he is at liberty to proceed against both, or either separately without reference to the other, until his entire claim shall be satisfied, and that the plaintiff's right to share in the dividends with the other creditors of the insolvent bank is to be measured by the amount of its claim as it was fixed by the approval of the same, made in course of the liquidation of the Pacific Bank; and it would follow from this that the plaintiff's share in the sixth dividend would be the same in amount as its share has been in every preceding dividend. By prosecuting its rights against the stockholders the plaintiff forfeited no right that it had against the Pacific Bank. The law is swift to bestow a premium upon promptness and vigilance in the pursuit of one's rights, and will not rob plaintiff of any advantage it may have gained over the other creditors by its early suit against the stockholders. If, however, the appellants were to prevail in their contention that plaintiff's right to share in dividends should be measured by the amount of its claim left after deducting all that it had received on it, the plaintiff might soon find itself in a worse position than it would have occupied had it refrained from suing the stockholders until the assets of the bank were exhausted. A construction of the law that would lead to such a result should be avoided.

The intervenor also appeals from the judgment, contending that he, being a stockholder owning 1,738 out of the total 10,000 shares of the Pacific Bank, had been compelled by plaintiff to pay it 1,738-10,000 of its demand against the bank, and that he is, therefore, entitled to be subrogated to the extent of the last-named fraction in and to plaintiff's right in the sixth dividend It is clearly the law that the funds of an insolvent corporation are all to be dispensed solely for the benefit of its creditors, and, while the stockholder may be compelled to put a great deal into the funds of such a corporation in the way of assessments, he is not, as a stockholder, permitted to share in its dividends either by subrogation or otherwise. (Civ. Code, sec. 309.)

Under the constitution and statutes of this state, each stockholder may be compelled to pay to the corporation assessments to the full amount of his subscription to the capital stock of the corporation for the payment of creditors of such corporation, and also be individually liable to each creditor for such proportion of his claim as the amount of stock held by such stockholder bears to the whole of the capital stock. These two liabilities and the remedies based thereon are concurrent. (Civ. Code, sec. 322; Const. Art. XII, sec. 3; *Hiller v. Collins,* 63 Cal. 235; *Harmon v. Page,* 62 Cal. 448.) It follows, then, that whatever the intervenor has paid, either directly to the corporation in the way of assessments, or on account of his personal liability as a stockholder directly to the creditor, he was bound to pay under the law, and can recover no portion of the same back, either by subrogation or otherwise.

The conclusion of law found by the court against the intervenor is, therefore, correct.

For the foregoing reasons I advise that the judgment be affirmed.

Haynes, C., and Britt, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.          Van Dyke, J., Garoutte, J., Harrison, J.