In re Voluntary Assignment of Charles E. Stewart & Company for the benefit of creditors. Appeal of William R. Christian.

*Partnership—Partnership property—Partner's equity.*

The right of priority given to partnership creditors over others belongs primarily to the partners; it grows out of the partnership agreement, and is founded on the equity of the partners, as between themselves, to have the partnership assets appropriated to the debts of the firm before any part thereof is applied to the use of the partners individually, or of those claiming under them.

*Auditors—Findings of —Partnership.*

A finding by an auditor of the existence of a partnership, if sustained by the court below, must stand unless it appears that the finding is manifestly wrong.

Argued Oct. 17, 1899. Appeal, No. 171, Oct. T., 1899, by William R. Christian, from order of C. P. Beaver Co., Sept. T., 1899, No. 2, dismissing exceptions to auditor's report. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Exceptions to report of auditor, Agnew Hice, Esq.

From the record it appeared that the fund for distribution was raised by an assignee's sale of goods alleged to belong to Charles E. Stewart & Company.

The auditor found as a fact that a partnership existed.

Exceptions to the auditor's report were overruled in an opinion by WILLSON, P. J., which was in part as follows:

If there was a partnership, as thus found by the auditor, then the claim of W. R. Christian to a share in the distribution of the proceeds of this sale would only be good in case there was more than sufficient to pay the partnership debts. In that event W. R. Christian would be entitled to a distribution of the interest of C. E. Stewart, Sr., in the partnership, of the proceeds left after the payment of the partnership debts. In this distribution, however, there were not sufficient funds to pay the partnership indebtedness.

Upon the question as to whether a partnership existed, the

court must concur in the finding of the auditor. The existence of a partnership in this instance consisting of the father and two sons, doing business under the firm name and style of C. E. Stewart & Co., was certainly established, the evidence disclosing that at least one of the sons bought and sold goods, taking from the store moneys and other articles for his use. These acts would necessarily imply a liability as a partner, even if his intention were otherwise. If the acts of the parties have been such in relation to a corporation or other concern as would lead others to trust it upon that basis, then a liability exists without a contract of membership. The question here is not whether the individuals alleged to compose the partnership firm of C. E. Stewart & Co. could be made individually liable for the debts contracted by C. E. Stewart & Co., but the question is whether or not there was in law a partnership doing business as C. E. Stewart & Co. George T. Stewart, an alleged member of the firm, denies that he was such a member, and it appears that he is a minor; but his evidence does not say whether or not there was a partnership, it only relates to his membership in said partnership. C. E. Stewart & Co. made an assignment by deed, in which C. E. Stewart, Sr., C. E. Stewart, Jr., and George T. Stewart joined, alleging the existence of such a partnership. This deed was offered in evidence, and while the testimony of C. E. Stewart, Sr., was not taken, this is his evidence that such partnership did exist. C. E. Stewart, Jr., testified that he and his father were partners; that he was of age and lived with his father; that the profits of the store were used to maintain the family; that his father stated that he was a partner; that he recognized himself as such; that he knew that goods were bought in the name of C. E. Stewart & Co.; that he assisted in ordering goods; that he spent his time in the store; that he did not know what his interest in the store was, but knew that his father said he was a partner at the beginning of the business. It is true that while C. E. Stewart, Jr., testified that he was a partner and considered himself a partner, and had put no money in the business and drew nothing out except wearing apparel, he further testified that he understood he was clerking in the store for his father, which, in a measure, is contradictory of his testimony in which he testifies that he is a partner. It is not necessary in order to become a partner that one should put money

in, or goods, but the party may receive an interest by gift; and, in fact, in this case it would seem that little money was put into the business by any one, for in the short time of little over one year the appraisement of the goods showed a stock of something over $8,000, and the debts of the store practically the same, so that the whole concern seems to have been run upon credit; and if there were no definite arrangement as to the interest of a party in a partnership the law implies an equal division. It would seem, from the weight of the evidence, as found by the auditor, that a partnership of some kind existed between C. E. Stewart, Sr., and Charles E. Stewart, Jr., at least, and in the mind of the court there is no doubt the intention of Charles E. Stewart, Sr., upon going into the business was to establish a business for himself and his two sons, Charles E. Stewart, Jr., and George T. Stewart, and whatever may have been the result this matter was considered and discussed by the parties; and that so far as Charles E. Stewart, Sr., and Charles E. Stewart, Jr., were concerned, this understanding existed, and continued up until the time the assignment was made. In thus finding as a fact that the partnership did exist, the claim of W. R. Christian is necessarily disposed of in accordance with the findings of the auditor.

*Errors assigned* were in dismissing exceptions to auditor's report.

*James R. Sterrett*, with him *Charles H. Stone*, for appellant. —No partnership existed: Himmelreich v. Shaffer, 182 Pa. 201; Doner v. Stauffer, 1 P. & W. 198; Baker's App., 21 Pa. 76; York County Bank's App., 32 Pa. 446; Brown v. Jaquette, 94 Pa. 113; Scull's App., 115 Pa. 141; Walker v. Tupper, 152 Pa. 1; Bixler & Correll v. Kresge & Green, 169 Pa. 405.

The declarations of Charles E. Stewart, Sr., as to who composed the firm of C. E. Stewart & Co., are not evidence against his sons unless they were made in their presence: Edwards v. Tracy, 62 Pa. 374.

*William A. McConnell*, with him *A. S. & W. S. Moore, D. A. Nelson, John M. Buchanan, J. B. McClure, W. M. Potter* and

*J. C. Martin*, for appellees.—A partnership existed: Jefferis's App., 33 Pa. 39; Okie's App., 9 W. & S. 156; Frankenfield's App., 11 W. N. C. 373; Wylie's & Quail's App., 92 Pa. 196; Geist's App., 104 Pa. 351; Strickler's App., 10 W. N. C. 535.

The learned auditor and the court below both found that there was a partnership, and these findings will not be inter-fered with by the court unless gross and palpable error is shown to have been committed: Piper's App., 20 Pa. 67; Bull's App., 24 Pa. 286; Harbison's Est., 145 Pa. 456; Baird v. Ford, 152 Pa. 637.

A partnership may be established by the several admissions of all those who are alleged to compose it, or by the admission of one, and the acts and declarations of others: Reed, Crane & Co. v. Kremer & Co., 111 Pa. 482; Johnston v. Warden, 3 Watts, 101; Welsh v. Speakman, 8 W. & S. 257; Donnally v. Ryan, 41 Pa. 306; Graeff v. Hitchman, 5 Watts, 454; Mc-Naughton's App., 101 Pa. 550.

Opinion by Mr. Justice Fell, October 30, 1899:

The right of priority given to partnership creditors over others is founded on the equity of the partners as between themselves to have the partnership assets appropriated to the debts of the firm before any part thereof is applied to the use of the partners individually or of those claiming under them. It is a right which belongs primarily to the partners, and grows out of the partnership agreement. It was therefore unimportant in the contest before the auditor whether persons not members of the firm had made themselves liable as partners by holding themselves out as such. The partnership creditors were entitled to priority in the distribution, only if in fact the property sold by the assignee was partnership property: York Co. Bank's Appeal, 32 Pa. 446; Scull's Appeal, 115 Pa. 141; Bixler v. Kresge et al., 169 Pa. 404; Himmelreich v. Shaffer, 182 Pa. 201.

The question then was purely one of fact, and the finding of the auditor that there was a partnership, which was sustained by the court, should stand unless it appears that it is manifestly wrong. This does not appear, but, on the contrary, we are satisfied by a careful examination of the testimony that it is

correct, as is also his finding that the appellant did not loan any money on the credit or for the use of the partnership.

The order of distribution is affirmed at the costs of the appellant.