[L. A. No. 3652. In Bank.—January 4, 1916.]

W. R. WILLIAMS, as Superintendent of Banks of the State of California, Appellant, v. L. J. CARVER et al., Respondents.

BANK—STOCKHOLDERS' LIABILITY TO CREDITORS—SUPERINTENDENT OF BANKS CANNOT ENFORCE—BANKING ACT.—The superintendent of banks, after taking over an insolvent bank for the purpose of liquidation, cannot maintain an action to enforce the constitutional liability of the stockholders of the bank to the creditors thereof as fixed by section 3 of article XII of the constitution and section 322

of the Civil Code. Section 136 of the Banking Act' (Stats. 1909, p. 87), authorizing him to enforce by action the "individual liability of the stockholders," does not confer such power.

ID.—STOCKHOLDERS' LIABILITY TO CREDITORS NOT ASSETS OF BANK.— The stockholders' liability to the creditor is no part of the property or assets of the bank, and the superintendent of banks has no power to act for or on behalf of the creditor in pursuit of his claim from such source.

ID.—ENFORCEMENT BY SUPERINTENDENT OF INDIVIDUAL LIABILITY OF STOCKHOLDER.—The "individual liability of the stockholder," which the Banking Act authorizes the superintendent to enforce, must be construed to be that due to the bank and arising upon assessments made, or nonpayment of subscriptions to the corporate capital, constituting a common fund out of which to pay the cost of administration and corporate debts.

ID.—LIABILITY OF STOCKHOLDER TO CREDITOR NOT EMBRACED IN TITLE OF BANKING ACT.—If such provision of the Banking Act be construed as authorizing the superintendent of banks to enforce the constitutional liability of stockholders to the creditors, it would be void as being obnoxious to the provisions of section 24, article IV, of the constitution, providing that every act shall embrace but one subject, which shall be expressed in its title.

APPEAL from a judgment of the Superior Court of Kern County. J. D. Murphy, Judge.

The facts are stated in the opinion of the court.

A. A. De Ligne, and Hiram W. Johnson, Jr., for Appellant.

Corbet & Selby, and Frederick B. Lathrop, for Respondent L. J. Carver.

E. L. Foster, for Respondents R. McDonald et al.

Thomas Scott, and R. H. Wilson, for Respondent R. E. White.

C. C. Cowgill, for Respondent Sarah L. Conner, Executrix, etc.

Matthew S. Platz, for Respondent C. Cohn.

Rowen Irwin, for Respondent H. A. Jastro.

VICTOR E. SHAW, J., *pro tem.*—This is an equitable action brought by plaintiff, as superintendent of banks, to recover from the stockholders of the Kern Valley Bank upon their constitutional liability to the creditors thereof. To the first amended complaint defendants interposed demurrers upon both general and special grounds. Their demurrers were sustained by the court, which refused to allow plaintiff to further amend. Judgment followed, from which plaintiff appeals.

It appears that on May 12, 1911, plaintiff as superintendent of banks declared the Kern Valley Bank insolvent, for which reason, and the fact that it was then unsafe and inexpedient for it to continue its banking business, he took possession of all its property and business for the purposes of liquidation as provided by law. It is alleged: "That the conditions and affairs of said Kern Valley Bank are such that in order to pay the debts thereof, it has become and is necessary to enforce the individual liability of the stockholders of said bank as provided for by the Constitution and other laws of the State of California, and by virtue of the authority vested in him by said Bank Act of the State of California, plaintiff brings this action on behalf of all the creditors of said Kern Valley Bank." There is attached to the complaint a list of the names of some fifteen hundred persons, to all of whom it is alleged the bank, within three years prior to the filing of the complaint, became indebted in the aggregate sum of $832,502.54; that by offsets said sum of $832,502.54 has been reduced to $717,574.48, upon which there has been paid by the superintendent of banks, in the liquidation of its affairs, dividends in the sum of forty per cent upon the principal of said indebtedness, and that there remains due to said creditors the sum of sixty per cent of the whole principal of said indebtedness; that the value of all assets of the bank now in the hands of the plaintiff do not exceed $107,636.10, which sum is "probably insufficient to pay the expenses necessary for the completion of the liquidation of the affairs of said bank and an additional dividend of not more than fifteen per cent of the principal of said original indebtedness." The names of the stockholders, with the number of shares owned by each during the time when said indebtedness is alleged to have been incurred by the bank, together with the proportionate liability of each in the aggregate to all of the depositors based upon the number of

shares so owned by each stockholder, are set out in the complaint. The prayer of the complaint is for judgment against each of said defendants in the several amounts specified as being the proportion of all the debts of the bank as the stock held by each bore to the entire subscribed capital stock of the bank, less the deduction which each defendant shall be entitled to by reason of the dividends theretofore paid or which might thereafter be paid by plaintiff to said creditors.

Plaintiff asserts right to maintain the suit under and by virtue of an act entitled "An act to define and regulate the business of banking" (Stats. 1909, p. 87), section 136 of which, in so far as material to the discussion, is as follows: "The superintendent of banks shall collect all debts due and claims belonging to it, and upon the order of the superior court may sell or compound all bad or doubtful debts, and on like order may sell all real and personal property of such bank on such terms as the court shall direct; and may, if necessary to pay the debts of such bank, enforce individual liability of the stockholders by action to be brought within three years after the date of his taking possession of the affairs of such bank." He insists that the "individual liability of the stockholders" therein mentioned and which he is authorized to enforce is the *constitutional* liability of the stockholder *to the creditor* fixed by section 3 of article XII of the constitution, which declares that "each stockholder of a corporation . . . shall be individually and personally liable for such proportion of all its debts and liabilities contracted or incurred, during the time he was a stockholder, as the amount of stock or shares owned by him bears to the whole of the subscribed capital stock, or shares of the corporation." Section 322 of the Civil Code, after reenacting this constitutional provision, provides, among other things, that "any creditor of the corporation may institute joint or several actions against any of its stockholders, for the proportion of his claim payable by each." The Bank Act makes no reference to this section, nor to section 359 of the Code of Civil Procedure, which specifies the time when the maintenance of such action by the creditor shall be barred. The position of appellant with reference to these sections is that they "still provide such remedy in all cases except where a bank has been taken over by the superintendent of banks for the purpose of liquidation," in which case the constitutional right of the creditor to pursue the stockholder is, *ipso*

*facto,* terminated and the enforcement of the payment of his
debt committed to the will of the superintendent of banks,
who, if it be ''necessary to pay the debts of such bank,'' may,
notwithstanding the claim is barred under section 359 of the
Code of Civil Procedure, bring an equitable action to recover
the specific sum due from each stockholder to each creditor,
and when collected, pay to each creditor the sum so collected
in his behalf. The law does not favor repeals by implication,
and where there is an apparent conflict between two statutes
touching the same subject, the construction should be such as
to give force and effect to both, if possible.

The subject of the legislation, as expressed in its title, is
''the business of banking.'' The *constitutional* liability of the
stockholder to the creditor, as to which no mention is made in
the act, is distinct and separate from such business; it con-
stitutes no part of the assets or business of the bank. Two
sources exist to which the creditor may look for the payment
of his debt: One, the assets of the bank the affairs of which,
if in liquidation, are controlled by the superintendent of
banks; the other the stockholder therein, as to whom and his
direct and primary liability to the creditor neither the bank
nor the superintendent of banks has anything to do. Being
distinct and separate claims, though based upon the same debt,
the creditor may, so long as the bank is a going concern, pur-
sue his remedy against either or both bank and stockholder,
or waive it as to either or both. When the superintendent
takes possession of a bank for purposes of liquidation, he suc-
ceeds to all the rights and property of the bank; but since
the stockholder's liability to the creditor is no part of such
property or assets, he has no power to act for or on behalf
of the creditor in pursuit of his claim from such source. The
right to do this is a personal right of the creditor and, under
the constitutional provision, he not only possesses the right to
enforce the same in an action at law in the manner provided
by section 322 of the Civil Code, but may insist upon having
the proceeds collected applied in liquidation of his debt,
free from any depletion due to the intervention of another,
or to the extravagance, mismanagement, or expense of the
administration of such fund by any other person. Since it is
not a debt due to the bank, neither it nor the superintendent
of banks as its successor is concerned with the enforcement
of such constitutional liability. The ''individual liability of

the stockholder'' which the superintendent of banks is authorized to enforce, since it is not declared to be the constitutional liability *due to the creditor,* must be construed to be that due to the bank and arising upon assessments made, or nonpayment of subscriptions to the corporate capital, constituting a common fund out of which to pay the cost of administration and corporate debts.   So construed, there is no conflict between the Bank Act and section 322 of the Civil Code; whereas, if we accept appellant's interpretation, the inconsistency is irreconcilable, and the creditor is deprived of his constitutional right to enforce the liability of the stockholder, upon whom additional burdens are imposed, since in the form of action here adopted the chances of all creditors, hundreds of whose claims in the case at bar are less than five dollars, suing to enforce the same are largely augmented thereby. Moreover, if the provision be construed as authorizing the superintendent of banks to enforce the constitutional liability of stockholders to the creditors, then it is void as being obnoxious to the provisions of section 24, article IV, of the constitution, which provides that every act shall embrace but one subject, which shall be expressed in its title.   As stated, the subject of the legislation, as shown by its title, is to ''define and regulate the business of banking.''   The constitutional liability of the stockholders of a corporation to its creditors and the enforcement of such liability is no part of the business of banking.   Hence, the subject of the legislation, if its purpose be to deprive the creditor of the right to enforce such liability and confer upon the superintendent of banks the power to act for and on behalf of the creditor in the collection thereof, is not embraced in the title.   Indeed, there is absolutely nothing in the title indicating such a purpose on the part of the legislature.

The judgment is affirmed.

Melvin, J., Shaw, J., Sloss, J., Henshaw, J., Lawlor, J., and Angellotti, C. J., concurred.

Mr. Justice Victor E. Shaw, of the district court of appeal of the second appellate district, acted in this case under appointment by this court, in place of Mr. Justice Lorigan of this court, who was unable to act.

Rehearing denied.