## SHELL CO. OF CALIFORNIA v. DUNN.

### In re ROTHSCHILD.

Circuit Court of Appeals, Ninth Circuit.
May 9, 1927.

No. 4996.

Bankruptcy ⬥⟲353—Claim based on liability of bankrupt as stockholder in California corporation held entitled to share equally with claims based on individual liability (Bankruptcy Act, §§ 5f, 65 [Comp. St. §§ 9589, 9649]).

Under Bankruptcy Act, § 65 (Comp. St. § 9649), providing payment of equal dividends on all claims except those having priority or secured claims, claim against bankrupt estate, based on liability of bankrupt as a stockholder of corporation organized under Laws of California, shares equally with claims based on bankrupt's individual liability since section 5f (Comp. St. § 9589), relative to appropriation of proceeds of partnership property to partnership debts, is inapplicable, in that relation of stockholder was not that of partner.

Appeal from the District Court of the United States for the Southern Division of the Northern District of California; Adolphus F. St. Sure, Judge.

In the matter of the bankruptcy of John Rothschild wherein Ritchie L. Dunn, was trustee. From a judgment, affirming the report of the referee, disallowing the claim of the Shell Company of California, claimant appeals. Reversed.

Edward J. McCutcheon, F. F. Thomas, Jr., James D. Adams, and McCutcheon, Olney, Mannon & Greene, all of San Francisco, Cal., for appellant.

Manson & Allan and Clarence A. Shuey, all of San Francisco, Cal., for appellee.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

GILBERT, Circuit Judge. The assets of the estate in bankruptcy consisted wholly of the property of the bankrupt, who, as an individual, had been engaged in business. The appellant presented a claim against the estate, based upon the liability of the bankrupt as a stockholder in a certain corporation organized under the laws of the state of California. The claim was disallowed by the referee, on the ground that it was in the nature of a partnership debt of the bankrupt, and controlled by section 5f of the Bankruptcy Act (Comp. St. § 9589), which provides: "The net proceeds of the partnership property shall be appropriated to the payment of the partnership debts, and the net proceeds of the individual estate of each partner to the payment of his individual debts." That section and section 65 (Comp. St. § 9649), which provides that dividends of an equal per centum shall be declared and paid upon all allowed claims, except such as have priority, or are secured, are the only provisions of the Bankruptcy Act which control the decision of the question here presented. The referee admitted that the question was one of first impression, and held that, inasmuch as the liability of a stockholder in a California corporation for the debts of the corporation is a direct primary obligation to pay a portion of the debts incurred by the corporation, and by the courts of California has been said to partake of the nature of a partnership liability, it would be unjust to permit the appellant's claim to share equally with the claims of individual creditors of the bankrupt, and that the reasons which are at the basis of section 5f are applicable to the question and controlling. The referee's report was affirmed by the court below.

The conclusion of the referee was influenced by what was conceived to be the injustice of allowing the appellant to share in the distribution of the individual assets of the bankrupt. We are unable to discover inherent injustice in so marshaling the assets.

The right to have partnership property applied to the payment of partnership debts in preference to those of an individual partner is an equity which the partners have as between themselves. The creditors of the firm have the right to demand that the debts due to them be paid out of the assets of the firm, to the exclusion of the creditors of its several members. "Their equity, however, is a derivative one. It is not held or enforceable in their own right. It is practically a subrogation to the equity of the individual partner, to be made effective only through him." Case v. Beauregard, 99 U. S. 119, 124, 25 L. Ed. 370; Fitzpatrick v. Flannagan, 106 U. S. 648, 1 S. Ct. 369, 27 L. Ed. 211.

The doctrine of marshaling firm assets, so that partnership debts shall in the first instance be satisfied out of the partnership estate, and debts to individual creditors of the partners out of the separate estates of the partners, had its origin as a rule of convenience. Ex parte Cook, 4 Eng. Rul. Cas. 110. It has been called an equitable rule, for the reason that it is applied in courts of equity. In the English courts and in many of the courts of the United States the rule has been held applicable only where there are two funds to be administered and two classes of creditors, and not in cases where there is no partnership property to be administered. 20 R. C. L. 1028; Murrill v. Neil, 8 How. 414, 12 L. Ed. 1135; Grosvenor v. Austin, 6 Ohio, 103, 25 Am. Dec. 743. And in the administration of bankruptcy estates under the Bankruptcy Law of 1867 (14 Stat. 517) it was the settled rule that, if there were no partnership estate, the partnership and individual creditors were equally entitled to prove their claims against the separate estate of a partner and share pari passu in his assets. In re Lloyd (D. C.) 22 F. 88; In re West (D. C.) 39 F. 203; In re Downing, 1 Dill. 33, Fed. Cas. No. 4,044; In re Henderson (D. C.) 142 F. 588; and cases there cited.

That rule has been departed from, in view of the fact that the Bankruptcy Act of 1898 (Comp. St. §§ 9585–9656) differs from that of 1867, in that it permits an adjudication of the partnership as distinguished from the members who compose it, and requires the trustee to keep distinct the separate accounts of each estate, and whereas under the common law a partnership was not recognized as an entity (Hughes v. Gross, 166 Mass. 61, 43 N. E. 1031, 32 L. R. A. 620, 55 Am. St. Rep. 375), it is now held that a partnership may be adjudicated a bankrupt without any proceeding against the individual members, and that similarly the individual partners may be adjudicated bankrupt without involving the partnership. Tumlin v. Bryan (C. C. A.) 165 F. 166, 21 L. R. A. (N. S.) 960. It is held, also, that the doctrine of marshaling partnership assets does not apply in a case where an individual trades under a firm name and no partnership in fact exists (Mayes v. Palmer [C. C. A.] 208 F. 97; Johnson v. Williams, 111 Va. 95, 68 S. E. 410, 31 L. R. A. [N. S.] 406, Ann. Cas. 1912A, 47; Bixler v. Kresge, 169 Pa. 405, 32 A. 414, 47 Am. St. Rep. 920; Himmelreich v. Shaffer, 182 Pa. 201, 37 A. 1007, 61 Am. St.

Rep. 698), and in the case of a dormant partnership it is held that all the partnership property in the hands of the ostensible partner is liable for his individual debts (How v. Kane, 2 Pin. [Wis.] 531, 54 Am. Dec. 152).

In none of the decisions in which it has been said that the liability of stockholders under the law of California partakes of the liability of partners are the features or extent of the similarity of the liability specifically defined. We cannot see that more is meant than that the liability of the stockholder resembles that of a partner, in that he is made answerable for a debt incurred, not by himself, but by another, a debt incurred by the corporation of which he is a stockholder. All the other incidents of a partnership are lacking. The stockholder is not liable for the whole of the debts of the corporation, but only for such proportion thereof as his shares bear to the whole of the subscribed capital stock, and only for such portion as remains unpaid. Western Pac. Ry. Co. v. Godfrey, 166 Cal. 346, 136 P. 284, Ann. Cas. 1915B, 825. Thus his is a limited liability, while partners are held liable in full.

The stockholder who pays is given no subrogated right of collection against his fellow stockholders or against the corporation. Sacramento Bank v. Pacific Bank, 124 Cal. 147, 56 P. 787, 45 L. R. A. 863, 71 Am. St. Rep. 36. Whereas a partner under like circumstances could require his copartners to contribute their share. His liability is to the creditors of the corporation, and not to the corporation. Gardiner v. Bank of Napa, 160 Cal. 577, 117 P. 667, Williams v. Carver, 171 Cal. 658, 154 P. 472. His liability is not for the benefit of the corporation, and is not in any sense a part of its assets. Ellsworth v. Bradford, 186 Cal. 316, 199 P. 335. And the liability is several, and not joint, whereas the liability of partners is both joint and several. Trindade v. Atwater (Cal. App.) 128 P. 756. In Brown v. Merrill, 107 Cal. 446, 40 P. 557, 48 Am. St. Rep. 145, in holding that a stockholder is not jointly and severally liable for the debts of his corporation, the court said: "When he has paid his portion of any debt, or of all the debts of the corporation, he is freed from all liability, and has no cause of action against any stockholder for money so paid."

There being no partnership, and no partnership assets, we think the rule here applicable is that prescribed in section 65, which provides: "Dividends of an equal per centum shall be declared and paid on all allowed claims, except such as have priority or are secured." The bankrupt is indebted to the appellant on his own individual debt, and not on a liability which is joint with others, and no other estate is before the court out of which payment can be made. It is a "fixed liability * * * absolutely owing" within the language of the Bankruptcy Act (Comp. St. § 9647). And even if we take into account the possibility, as to which no showing is here made, that other shareholders may also be liable upon the same debt, the situation thus presented would not be different in principle from that where a debt proved against an estate is one upon which several parties are personally liable. In such a case dividends pro rata from the estate in bankruptcy may be received by the claimant, until he has received full payment of his claim, if the assets are sufficient therefor. Board of County Com'rs v. Hurley (C. C. A.) 169 F. 92; Commercial & Savings Bank v. Robert H. Jenks & Co. (D. C.) 194 F. 739; In re New York Commercial Co. (C. C. A.) 233 F. 906; Ireton v. Lincoln Nat. Bank (C. C. A.) 300 F. 316.

The judgment is reversed.