## GENERAL PETROLEUM CORPORATION OF CALIFORNIA v. HOBSON et al.

District Court, S. D. California, S. D. December 1, 1927.

No. 2959.

1. **Corporations ⊗⇒370(3)—Power of eminent domain is not implied power of corporation.**

The exercise of the power of eminent domain is not an implied power of a corporation.

2. **Corporations ⊗⇒672(1)—Right sought to be enforced by foreign corporation must be pleaded as within its authorized powers (Code Civ. Proc. Cal. § 1244, subd. 3).**

Under Code Civ. Proc. Cal. § 1244, subd. 3, a right which a foreign corporation seeks to enforce in the state must be pleaded as within its authorized powers.

3. **Statutes ⊗⇒110½(1)—Provision of statute relating to state lands, authorizing condemnation of right of way over private lands, held void, as not embraced in title of act (St. Cal. 1921, p. 410, § 13; Const. Cal. art. 4, § 24).**

St. Cal. 1921, p. 404, relates, as appears from its title, to reservation of minerals in state lands, examination and the granting of permits and leases to prospect for and take such minerals, and the provision of section 13 (page 410)· excluding the right of eminent domain to permittees to condemn right of way over private property is void, as not embraced in the title of the act, as required by Const. Cal. art. 4, § 24.

4. **Eminent domain ⊗⇒13—Private property may not be taken for a private purpose.**

Eminent domain can only be invoked because the interest of the public is greater than the interest of the private individual, and may ·not be invoked by a private person for private gain or advantage.

Condemnation suit by the General Petroleum Corporation of California against A. L. Hobson and others. On demurrer to complaint. Demurrer sustained.

The complainant, in substance, states that it is a foreign corporation authorized to do business in this state, and the holder of an oil and gas prospecting permit under an act approved May 25, 1921 (chapter 303, Laws Cal. 1921), on certain tide lands, and that there is no road or easement affording ingress, egress, or regress to the property; that it is necessary to transport men, vehicles, .and material across the intervening land from the public highway to said tide land; and seeks to condemn an easement over "intervening strip of land" most "compatible with the greatest public good and of least private injury" over private property. The defendants demur to the complaint on the ground (a) that no cause of action is stated; (b) that plaintiff has not legal capacity to maintain the action; and (c) that it seeks to condemn private property for private use.

Faries & Williamson, of Los Angeles, Cal., for plaintiff.

Clarke & Bowker, of Los Angeles, Cal., for defendants.

NETERER, District Judge (after stating the facts as above). [1, 2] The powers of a corporation are fixed by its charter under authority of law. The exercise of the right of eminent domain is not an implied power of a corporation. A bank may not engage in the oil business without charter authority, nor may an oil company engage in the business of banking, unless authorized by its charter, nor may either exercise the right of eminent domain unless so authorized, and for a purpose authorized by law. A foreign corporation may not do business in this state unless authorized by the state, and a right which a foreign corporation seeks to enforce in the state must be pleaded as within its authorized powers. Section 1244, subd. 3, C. C. P. of California; Kern County and Others v. McDonald, 180 Cal. 7, 179 P. 180. The acts of a corporation not within its authorized powers are ultra vires, and courts will not countenance the exercise when its attention is challenged thereto.

[3] Aside from the foregoing, it may be said that the plaintiff relies on section 13, c. 303, Laws of 1921, as granting special authority to this proceeding. This section reads: "Provided, further, that all of the rights and privileges as are now, or as may hereafter be provided by law, respecting the acquisition of rights of ingress, * * * over the property of another, by proceedings in eminent domain, are hereby expressly given to * * * permittee * * * so that such permittee * * * may carry on * * * operations * * * under * * * this act." This provision is included in the state "leasing act," the title of which reads:

"An act to reserve all minerals in state lands; to provide for examination, classification and report on the mineral and other character of state lands; to provide for the granting of permits and leases to prospect for and take any such minerals; to provide for the rents and royalties to be paid, and

granting certain preference rights; to provide for the making of rules, regulations and contracts necessary to carry out the purposes of this act; and repealing acts or parts of acts in conflict herewith; providing for an appropriation to defray the cost of administering this act."

The defendant asserts that the proviso in section 13, supra, is inoperative because not embraced in the title of the act, as required by section 24, article 4 of the state Constitution. The subject of legislation, as expressed in the title, is *state lands*, classification and report, granting permits and leasing, making rules, regulations, etc. Only one class, *public property*, is mentioned in the title; two classes of property, *public property* and *private property*, are treated in the body of the act. The Legislature could deal with state property. The title for such purpose is all-embracing, but is silent as to private property, and the purpose to grant a right of eminent domain over private property is not embraced in the title, and, this being in derogation of private right, the right to condemn may not be extended by inference or implication, and such provision must be held inoperative. Williams v. Carver et al., 171 Cal. 658, 154 P. 472. The taking of private property under this act is more than detail. If its provision applied to state property only, it would bear a different relation.

Nor can section 1238, subd. 5, C. C. P. of California, authorize the taking of private property for "roads * * * for working mines." Subdivision 6: "By-roads leading from highways to residences, farms, mines, mills, factories and buildings for operating machinery, or necessary to reach any property used for public purposes." The plaintiff has no working mines, nor any active industry, nor is it in any sense within any of the provisions of this section, nor is the property covered by the permit used or contemplated to be used for a *public purpose*, nor can the court assume a public use or purpose where none is claimed, or none can be reasonably deduced from conceded or established facts. Sherman v. Buick, 32 Cal. 241, 91 Am. Dec. 577, is not elucidating, nor is Monterey County v. Cushing, 83 Cal. 507, 23 P. 700; nor was this issue before the court in County of Madera v. Raymond Granite Co., 139 Cal. 128, 72 P. 915. These cases are cited because particularly relied upon by the plaintiff. All cases cited have been examined, but have not application.

[4] Eminent domain can only be invoked because the interest of the public is greater than the interest of the private individual,

and may not be invoked by a private person for private gain or advantage. The plaintiff's permit *prospecting for oil enterprise* by reason thereof is speculative and wholly private, and the private property may not be taken for a private purpose. Clearly the complaint does not state a cause of action; complainant does not show that it has legal capacity to maintain the action, nor that the taking is for a public purpose.

The demurrer must be sustained.