[Civ. No. 9935. Second Appellate District, Division One.—November 29, 1935.]

TITLE INSURANCE AND TRUST COMPANY (a Corporation), Respondent, v. L. C. TORRANCE et al., Appellants.

Woodruff, Burr & Smith and Philip Grey Smith for Appellants.

H. Sidney Laughlin for Respondent.

EDMONDS, J., *pro tem.*—This action is upon stockholders' liability. Recovery is sought upon an indebtedness incurred by Calangeles Corporation for money borrowed by it and evidenced by a promissory note secured by a deed of trust on real estate. The defense set up by the stockholders is that at the time this action was filed the real estate had not been sold under the provisions of the deed of trust. In other words, the defendants insist that the stockholders of a corporation are only liable upon a secured indebtedness for any deficiency remaining after the security is exhausted. The defendants also alleged a payment of $4,500 on the indebtedness.

Judgment of the trial court was entered in favor of plaintiff against each defendant for one-eighth of the original principal sum of the note and interest thereon. The appeal therefrom is upon the judgment roll alone.

The case was tried upon a stipulation of facts. It appears that plaintiff loaned $30,000 to Calangeles Corporation, in consideration of which the latter gave its promissory note secured by a deed of trust. At the time of this transaction the debtor corporation had eight stockholders, each of whom owned ten shares of its capital stock. When this action was commenced all of the principal of the note and interest thereon for almost two years was unpaid and in default. Before the suit was filed plaintiff had executed its notice of default and election to sell the real property under the provisions of the deed of trust and had placed this notice of record. However, no sale of the property had been made by the trustee.

The payment of $4,500 was made by three of the stockholders to the plaintiff after the complaint was filed and in full satisfaction of their liability as stockholders upon the note in question.

In *Knowles* v. *Sandercock*, 107 Cal. 629 [40 Pac. 1047], it was held that the fact that a note given by a corporation is

secured by a mortgage which has not been foreclosed is no defense in an action against a stockholder for his proportionate part of the debt of the corporation. The court said: "He is not injured nor is he benefited by the fact that the corporation has given security."

This case and many other authorities were reviewed in *Aronson & Co.* v. *Pearson,* 199 Cal. 286 [249 Pac. 188, 51 A. L. R. 1380], which presented the question of whether or not a creditor of a corporation may secure a writ of attachment in an action brought upon a stockholder's liability for a debt of the corporation, secured by a mortgage on real property, without showing that the security has become valueless. The court held: "The obligations of the defendant and the corporation being primary and independent, the mere fact that the latter gave a mortgage to secure its contract is not a ground for discharging the writ of attachment."

The reasons for the conclusions reached in each of these cases are stated at length in the opinions of the court. Applying the principles reviewed in those cases, there can be no question of the right of respondent to maintain this action.

■ The Knowles case is also authority for the proposition that appellants are not entitled to the benefit of the $4,500 paid by their associates. The reason therefor is succinctly stated in the opinion as follows: "The money was not paid to the corporation and was not in its possession. It was not intended to be used to pay the debts of the corporation, but to discharge the proportionate liability of the stockholders who paid it. It was held as the money of the stockholders who paid it, and was not the money of the corporation. If applied to the payment of the debt to the extent of the proportionate shares of the stockholders who paid, that would not help appellants, for their shares of the indebtedness would be unaffected by such an application of it." (See, also, *Sacramento Bank* v. *Pacific Bank,* 124 Cal. 147 [56 Pac. 787, 71 Am. St. Rep. 36, 45 L. R. A. 863].)

The judgment is, therefore, affirmed.

Houser, P. J., and Doran, J., concurred.