J. B. McNeill and W. C. Roberts, Receivers of Pensacola State Bank, *Appellants*, v. J. E. Pace, *Appellee.*

Opinion Filed March 30, 1915.

1. Statutory powers expressly conferred carry with them by implication of law all consistent powers that are necessary to the effectual execution of the powers expressly conferred.

2. The statute makes the stockholders of a banking company individually liable equally and rateably and not one for another, to the extent of the par value of their stock in addition to the amount invested in such shares; and this liability is not to or for the benefit of particular creditors, but is "for all contracts, debts and engagements of such company."

3. The liability of a stockholder of a banking company arises *ex contractu* by the act of subscription to or the purchase of stock in such company, whereby the stockholder becomes subject to the provisions of law creating and fixing his liability.

4. The authority given the receiver of a banking company "to close up the affairs of such company," by implication confers authority to enforce by suit the statutory liability of the stockholders for the purpose of discharging and performing "all contracts, debts and engagements of such company."

Appeal from Court of Record for Escambia County; Kirke Monroe, Judge.

Order reversed.

COCKRELL, J., dissenting.

*S. M. Loftin and J. P. Stokes,* for Appellants;

*Blount & Blount & Carter,* for Appellee.

WHITFIELD, J.—A suit in equity was brought by the Receivers of the Pensacola State Bank, a banking corporation, existing under the laws of Florida, against J. E. Pace, a stockholder of said corporation, to recover $1,000.00 as the defendant's statutory liability on his stock, it being alleged that the contracts, debts and engagements of said corporation are far in excess of the assets of said corporation, plus a sum of money equal to the capital stock of said corporation at its par value. A demurrer to the bill was sustained on the ground "that the complainants are not the proper parties to enforce the liability mentioned in said bill," and the complainants appealed.

The statutes provide as follows:

"Stockholders of every banking company shall be held individually responsible equally and rateably and not for one another for all contracts, debts and engagements of

such company to the extent of the amount of their stock therein at the par value thereof in addition to the amount invested in such shares. Persons holding stock as executors, administrators, guardians or trustees shall not be personally subject to any liability as stock holders, but the estates and funds in their hands shall be liable in like manner and to the same extent as the testator, intestate, ward or person interested in trust funds would be, if living and competent to hold the stock in his own name."

"On becoming satisfied from the reports furnished to him, or upon other good proof thereof, that any banking company has become insolvent and is in default, or if the directors of any banking company shall knowingly violate, or knowingly permit any of its officers, agents or servants to violate, any of the provisions of law relative to such companies, the rights, privileges and franchises shall be thereby forfeited, and the Comptroller shall apply to the courts, in his own name, for the appointment of a receiver to close up the affairs of such company; and in cases of such violation, every director who participated in or assented to the same shall be held liable, in his personal and individual capacity, for all damages which the company, its stockholders or any other person shall have sustained in consequence of such violation." Secs. 2700 and 2724 Gen. Stats. 1906.

Statutory powers expressly conferred carry with them by implication of law all consistent powers that are necessary to the effectual execution of the powers expressly conferred. State *ex rel.*, Smith v. Burbridge, 24 Fla. 112, 3 South. Rep. 869; State v. Atlantic Coast Line R. Co. 56 Fla. 617, text. 645, 47 South. Rep. 969.

The statutory liability of the "stockholders of every

banking company," is that they "shall be held individually responsible, equally and rateably and not for one another, for all contracts, debts and engagements of such company to the extent of" the par value of their stock "in addition to the amount invested in such shares." This added statutory liability is imposed "equally and rateably" among the stockholders, and this liability is not given to or for the benefit of particular creditors, but "for all contracts, debts and engagements of such company."

The receiver is appointed "to close up the affairs of such company." Among "the affairs of such company" are its "contracts, debts and engagements;" and while the added statutory liability of the stockholders may not strictly speaking be initially an asset of the banking company, it is a source from which "all contracts, debts and engagements of such company" may be satisfied or performed.

The stockholder's liability arises *ex contractu*, See Gibbs v. Davis, 27 Fla. 531, 8 South. Rep. 633, where it is held that "by the act of subscription for stock, the stockholder assumes the provisions of the law creating his liability for the debt of the company as part of the contract of subscription." A purchaser of stock after it is issued assumes the same statutory liability by the contract of purchase. Authority of the receiver to sue on the statutory liability of stockholders is manifestly expedient to preserve the rateable liability and its equitable application to "all contracts, debts and engagements" of the corporation, even though creditors may also have a right of action if the receiver fails to do his duty. The corporation being insolvent, the policy of the law is that its debts shall be paid without preference to any creditors; and suit

by the receiver will accord with such policy. The receiver acts for the benefit of creditors in closing up the affairs of the banking company, including the discharge or performance of "all contracts, debts and engagements of such company" to which discharge and performance, the statutory liability of the stockholder is subject; therefore the authority expressly given the receiver "to close up the affairs of such company," must by implication confer authority to enforce by suit the statutory liability of the stockholders for the purpose of discharging and performing "all contracts, debts and engagements of such company," such power being necessary to the effectual exercise of the authority expressly conferred, there being nothing in the statutes to exclude such an implication, and the exercise of such authority by the receiver being consistent with the policy and judicial procedure in this State. See Smathers v. Western Carolina Bank, 135 N. C. 410, 47 S. E. Rep. 893; Barton Nat. Bank v. Atkins, 72 Vt. 33, 47 Atl. Rep. 176; Wilson v. Book, 13 Wash. 676, 43 Pac. Rep 939; State *ex rel.* Stone v. Union Stock Yards State Bank, 103 Iowa 549, 70 N. W. Rep. 752; 72 N. W. Rep. 1076. See also Walsh v. Shanklin, 125 Ky. 715, 102 S. W. Rep. 295, 31 L. R. A. (N. S.) 365, and notes citing cases upon every phase of the proposition.

In States where it is held that the receiver has no such authority, the decisions appear to be controlled or influenced by the terms of the statute making the liability to the depositors or creditors, or by other provisions of statute law or by rules of procedure or else by reasoning that is not controlling here.

While Section 2700 of the General Statutes of Florida, relative to the liability of stockholders in banking corporations, is similar to a portion of Section 5151 and to

Section 5152 of the Revised Statutes of the United States, yet Section 2724 of the Florida statute, relative to the powers of the receiver, is essentially different from Section 5234 of the Revised Statutes of the United States, defining the powers and duties of the receiver. The Federal Act specifies the particular authority given to the receiver, while the State statute gives to the receiver when appointed authority "to close up the affairs of such company." In one the authority is stated specifically and in detail, and is made subject to the control of the courts and the Comptroller of the Currency, while in the other the authority is general and comprehensive. In view of the stated differences in the statutes, the circumstance that the Federal Act does and the State statute does not give to the receiver express authority to "enforce the individual liability of the stockholders," is not controlling here.

Order reversed.

TAYLOR, C. J., AND SHACKLEFORD, AND ELLIS, JJ., concur.

COCKRELL, *J., dissenting.*

I regret my inability to concur in this opinion, especially as it leads to most desirable results; the convenience of having the receiver pursue the stockholders is manifest.

It must, however, be admitted that a large majority of the courts had denied the power under very similar statutes, when our legislation was passed. It is a further fact that the section regulating the liability of stockholders is practically identical, so far as applicable to State banks, with the Federal statute, so, that it becomes

a necessary deduction that our legislature had the Federal law before it when considering this legislation. It is a further fact that the Federal statute specifically authorizes the receiver to enforce the stockholder's liability. It is fair then to assume that the legislature intentionally omitted this specific power for reasons satisfactory to it, and for these reasons I am unwilling to so construe its action as to correct that omission.