W. P. CHAVOUS, *Plaintiff in Error*, v. J. M. GORNTO, RE-CEIVER OF THE CITIZENS BANK OF MAYO, A CORPORATION, *Defendant in Error*.

Division B.

Opinion Filed January 17, 1925.

1. The statutory liability of stockholders in a banking company for its obligations is primarily contractual in its nature, and any acquisition of such stock implies assent of the owner to the statutory conditions under which the corporation is organized.

2. The order of the State Comptroller, acting within his authority, directing an assessment aginst stockholders of an insolvent banking company for the contracts and obligations of such bank, is conclusive of the necessity for such assessment and cannot be controverted by a stockholder in an action to enforce such assessment.

3. Striking a pleading is a severe remedy and should be resorted to only in cases palpably requiring it in the proper administration of justice.

4. Pleas entirely destitute of merit and which are plainly frivolous may be stricken.

5. Generally it is no objection to a plea that it is contradicted by another plea filed by the same party in the same cause.

A Writ of Error to the Circuit Court for Lafayette County; M. F. Horne, Judge.

Reversed.

*W. P. Chavous,* for Plaintiff in Error;

*Hal W. Adams,* for Defendant in Error.

WEST, J.—This action is by the receiver of a bank against a stockholder to enforce the statutory liability for the contracts, debts and engagements of the bank.

The declaration alleges the bank's insolvency, the appointment of a receiver, an assessment by the State Comptroller against the stockholders of the insolvent bank for the full amount of their respective liability under the statute, ownership by the defendant of a number of shares of stock, his liailibty to the plaintiff as receiver by virtue of the assessment in the sum demanded equal to the par value of his shares, and refusal to pay the same.

By pleas to the declaration defenses were attempted to be set up that the bank was not at the time of the appointment of the receiver nor at the time of the institution of the suit insolvent; that on the contrary it was, upon the dates mentioned, solvent and had no outstanding obligations upon which it was in default, and therefore the appointment of the receiver was without authority of law and a fraud upon stockholders of the bank. The fraud is alleged generally, the specific acts constituting it not being stated. Demurrers to these pleas were sustained.

The statute of this State fixing the liabilities of stockholders in banks, enacted in 1889, is as follows:

"Stockholders of every banking company shall be held individually responsible equally and rateably and not for one another for all contracts, debts and engagements of such company to the extent of the amount of their stock therein at the par value thereof in addition to the amount invested in such shares." Sec. 4128, Rev. Gen. Stats.

The doctrine is settled that the liability of stockholders in a banking company for its obligations is primarily contractual and any acquisition of the stock implies assent of the owner to the statutory conditions under which the corporation is organized. McNeill v. Pace, 69 Fla. 349, 68 South. Rep. 177; Bryan v. Bullock, 84 Fla. 179, 93 South. Rep. 182; Richmond v. Iron, 121 U. S. 27, Carrol v. Green, 92 U. S. 509; Aldrich v. McClaine, 106 Fed. 791; Howarth v. Angle, 162 N. Y. 179, 56 N. E. Rep. 489.

The statute of this State is substantially the same as the statute fixing the liability of shareholders in National Banking Associations, in effect since 1864. Sec. 5151, U. S. Stats. Under the Federal statute it has been uniformly held that an order of the Comptroller, acting within his authority, directing an assessment, is conclusive upon stockholders of the bank and cannot be controverted by them in any defense to an action based upon such assessment. Aldrick v. Campbell, 97 Fed. 663, DeWeese v. Smith, 106 Fed. 438, 66 L. R. A. 971 and note; Bushnell v. Leland, 164 U. S. 684; United States v. Knox, 102 U. S. 422; National Bank v. Case, 99 U. S. 628; Casey v. Galli, 94 U. S. 673; Kennedy v. Gibson, 8 Wall. 498.

In Kennedy v. Gibson, *supra*, the reason for this rule is stated as follows: "The receiver is the instrument of the comptroller. He is appointed by the comptroller, and the power of appointment carries with it the power of removal. It is for the comptroller to decide when it is necessary to institute proceedings against the stockholders to enforce their personal liability, and whether the whole or a part,

and if only a part, how much, shall be collected. These questions are referred to his judgment and discretion, and his determination is conclusive. The stockholders cannot controvert it. It is not to be questioned in the litigation that may ensue. He may make it at such time as he may deem proper, and upon such data as shall be satisfactory to him. This action on his part is indispensable, whenever the personal liability of the stockholders is sought to be enforced, and must precede the institution of the suit by the receiver. The fact must be distinctly averred in all such cases, and if put in issue must be proved.

"The liability of the stockholder is several and not joint. The limit of their liability is the par of the stock held by each one. Where the whole amount is sought to be recovered the proceeding must be at law. Where less is required the proceeding may be in equity, and in such case an interlocutory decree may be taken for contribution, and the case may stand over for the further action of the court—if such action should subsequently prove to be necessary—until the full amount of the liability is exhausted. It would be attended with injurious consequences to forbid action against the stockholders until the precise amount necessary to be collected shall be formally ascertained. This would greatly protract the final settlement, and might be attended with large losses by insolvency and otherwise in the intervening time. The amount must depend in part upon the solvency of the debtors and the validity of the claims. Time will be consumed in the application of these tests, and the results in many cases cannot be foreseen. The same remarks apply to the enforced collections from the stockholders. A speedy adjustment is necessary to the efficiency and utility of the law; the interests of the creditors require it, and it was the obvious policy and purpose of Congress to give it. If too much be collected, it is provided by the statute, that any surplus which may remain after

satisfying all demands against the association, shall be paid over to the stockholders. It is better they should pay more than may prove to be needed than that the evils of delay should be encountered.''

The ruling sustaining the demurrer was not erroneous.

By consent the defendant filed fourteen additional pleas, the first, second, third, fourth, sixth and eleventh of which were stricken on motion. The others went out on demurrer. The first of these pleas avers that defendant is not and has never been the owner of any stock in said bank. The second and third are that defendant is not and has never been the owner of any such stock for which he is liable to an assessment for the obligations of the bank on any contract, debt or other engagement in addition to the amount invested in such shares. The fourth is the same as the second and third except that it is limited to one designated certificate of stock. The sixth disclaims the purchase or acceptance by defendant of the shares of stock alleged to have been owned by him and avers that if said shares were transferred on the books of the bank and certificates therefor issued to him, the certificates were never delivered or accepted and that he had no knowledge of the transfer or the issuance of the certificates to him. The eleventh is a plea of a discharge of the claim by payment.

The grounds generally upon which the pleas enumerated were stricken are that it is evident that they are not presented in good faith; that by other pleas ownership of the stock is admitted; that the pleas are so apparently repugnant as to make it obvious that they are false; that the second and third and fourth are mere repetitions of the first; and that it is patent that the defendant is trifling with the court and attempting to embarrass, hinder and delay the progress of the cause by sham pleading.

In a number of cases this court has held that striking a pleading is a severe remedy and should be resorted to only

in cases palpably requiring it for the proper administration of justice. Oneida Land Co. v. Richard, 73 Fla. 884, 75 South. Rep. 412; Burr v. Hull, 66 Fla. 20, 63 South. Rep. 300; Guggenheimer v. Davidson, 62 Fla. 490, 56 South. Rep. 801. Pleas entirely destitute of merit and which are plainly frivolous and trifling may be stricken. Southern Home Ins. Co. v. Putnal, 57 Fla. 199, 49 South. Rep. 922; Hammond v. Vetsburg, 56 Fla. 369, 48 South. Rep. 419. But generally it is no objection to a plea that it is contradicted by any other plea filed by the same party in the same cause. Sec. 2652, Rev. Gen. Stats.

The stricken pleas may be imperfect and some of them amenable to criticism, but we think they are not so defective as to warrant their being stricken upon the grounds of the motion. So the judgment is reversed.

Reversed.

WHITFIELD, P. J., AND TERRELL, J., concur.

TAYLOR, C. J., AND ELLIS AND BROWNE, J. J., concur in the opinion.