W. H. TUNNICLIFFE, as Receiver of First American Bank
& Trust Company, a banking corporation, *Plaintiff in
Error*, v. H. F. NOYES, *Defendant in Error.*

Division A.

Opinion filed June 6, 1931.

*Bussey, Johnston & Lilienthal,* for Plaintiff in Error; *Raymond C. Yeomans,* for defendant in Error.

BUFORD, C.J.—The writ of error in this case is to review the judgment of the circuit court in favor of the defendant, who is defendant in error here, against the plaintiff in his capacity as Receiver of First American Bank & Trust Company, a banking corporation with its principal place of business in Palm Beach County, Florida.

Demurrer having been sustained to the declaration and the plaintiff having refused to amend, final judgment was entered against the plaintiff in favor of the defendant.

We need discuss only two questions presented by the assignments of error. The main question presented is whether or not a Receiver appointed by the Comptroller was authorized to determine that the bank was insolvent and to make an assessment against the stockholders of the bank and particularly against the defendant to the extent of the par value of the stock.

The declaration alleged in this regard that the defendant was a stockholder in the bank, being the owner of five shares of the capital stock of the bank of the par value of $100.00 per share. That the plaintiff was on a certain date prior to the institution of the suit appointed by the Comptroller as Receiver of the bank and "That the plaintiff, acting within the scope of his authority as Receiver of said bank and under and by direction of the Honorable Ernest Amos, as Comptroller of the State of Florida, on the 7th day of August, 1928, having found and determined that said bank was insolvent, did further find and determine that its stockholers, including the defendant, should

be held individually responsible, equally and ratably and not one for another, for all contracts, debts and engagements of said bank, to the extent of the amount of their stock therein at the par value thereof in addition to the amount invested in such shares, and further found and de-. termined that it would be necessary to, and; having so found and determined, did make an assessment against the stockholders of said bank, including the defendant, in the sum of five hundred thousand dollars ($500,000.00), an amount equal to the par value of said capital stock in addition to the amount invested, and that said sum should be and by said assessment was divided among the stockholders of said bank equally and ratably, and not one for another, to the extent of the amount of the par value of their stock in addition to the amount invested in such shares, and plaintiff, as Receiver as aforesaid, did make an assessment against each stockholder, including the defendant, equal to the par value of the stock owned by each of the said stockholders, including the defendant, and the plaintiff did assess against said defendant the sum of five hundred dollars, being the amount of the par value of his stock, and being his proportionate share of the entire assessment of five hundred thousand dollars so assessed against all stockholders equally and ratably and not one for another, and to the extent of the amount of the par value of the stock owned by each.''

It is the contention of the plaintiff in error that under the provisions of section 4162 R. G. S., 6102 C. G. L., the Receiver is authorized to do those things which the declaration alleges that he did do.

Section 4128 R. G. S., 6059 C. G. L., provides as follows:
''Stockholders of every banking company shall be held individually responsible equally and ratably and not

for one another for all contracts, debts and engagements of such company to the extent of the amount of their stock therein at the par value thereof in addition to the amount invested in such shares. Persons holding stock as executors, administrators, guardians or trustees shall not be personally subject to any liability as stockholders, but the estates and funds in their hands shall be liable in like manner and to the same extent as the testator, intestate, ward or person interested in trust funds would be, if living and competent to hold the stock in his own name.''

The matter of determining the question of the solvency or insolvency of the bank would devolve upon the Comptroller.

Mr. Clark in his work on Receivers, Vol. 2, 2nd Ed. section 895, says:

''The power to adjudicate that a national bank is insolvent, and to appoint a receiver thereof, and to levy assessments on the stockholders and to order their collection is vested in the Comptroller of the Currency.''

In Chavous vs. Gornto, 89 Fla. 12, 102 Sou. 754, this Court, in an able opinion prepared by Mr. Justice West, said:

''The doctrine is settled that the liability of stockholders in a banking company for its obligations is primarily contractual and any acquisition of the stock implies assent of the owner to the statutory conditions under which the corporation is organized. McNeill vs. Pace, 69 Fla. 349, 68 South. Rep. 177; Bryan vs. Bullock, 84 Fla. 179, 93 South. Rep. 182; Richmond vs. Iron, 121 U. S. 27, Carrol vs. Green, 92 U. S. 509; Aldrich vs. McClaine, 106 Fed. 791; Howarth vs. Angle, 162 N. Y. 179, 56 N. E. Rep. 489.

The statute of this State is substantially the same

as the statute fixing the liability of shareholders in National Banking Associations, in effect since 1864. Sec. 5151 U. S. Stats. Under the Federal Statute it has been uniformly held that an order of the Comptroller, acting within his authority, directing an assessment, is conclusive upon stockholders of the bank and cannot be controverted by them in any defense to an action based upon such assessment. Aldrick vs. Campbell, 97 Fed. 663, DeWeese v. Smith, 106 Fed. 438, 66 L. R. A. 971 and note; Bushnell v. LeLand, 164 U. S. 684; United States v. Knox, 102 U. S. 422; National Bank vs. Case, 99 U. S. 628; Casey v. Galli, 94 U. S. 673; Kennedy vs. Gibson, 8 Wall. 498.

In Kennedy v. Gibson, supra, the reason for this rule is stated as follows: 'The receiver is the instrument of the comptroller. He is appointed by the comptroller, and the power of appointment carries with it the power of removal. It is for the comptroller to decide when it is necessary to institute proceedings against the stockholders to enforce their personal liability, and whether the whole or a part, and if only a part, how much shall be collected. These questions are referred to his judgment and discretion and his determination is conclusive. The stockholders cannot controvert it. It is not to be questioned in the litigation that may ensue. He may make it at such time as he may deem proper and upon such data as shall be satisfactory to him. This action on his part is indispensable, whenever the personal liability of the stockholders is sought to be enforced and must precede the institution of the suit by the receiver. The fact must be distinctly averred in all such cases, and if put in issue must be proved.''

The question as to whether or not an assessment shall be made against stockholders and the authority to determine the amount of the assessment to be made against stockholders involves the exercise of judgment and discretion

and is an attribute of sovereignty which may only be exercised by the State acting through an officer. Such acts of sovereignty may not be exercised by an employee, although such employee may be authorized by statute to enforce the results of the exercise of such sovereignty by an officer when such officer has been authorized to exercise such sovereign power and authority.

It appears to us that the same construction should be placed upon our statutes in this regard that has been placed upon the National Banking Act containing similar provisions as do our statutes. In Page vs. Jones, Eighth Circuit Court of Appeals, 7 Fed., 2nd Ed., 541, the court in construing the National Banking Act in this regard, says:

"The double liability of a shareholder of a national bank under section 9689 for the payment of its debt is entirely statutory. It attaches, exists and is enforceable and dischargeable at the times, in the manner and for the purpose specified in the Act of Congress. It attaches and exists for the purpose of creating a fund for the exclusive purpose of paying the creditors of the bank equally and ratably. Delano v. Butler, 118 U. S. 634, 7 S. Ct. 39, 30 L. Ed. 260; Scott v. Deweese, 181 U. S. 202, 21 S. Ct. 585, 45 L. Ed. 822; Scott v. Latimer, 89 F. 843, 33 C. C. A. 1. Indispensable conditions precedent to the enforcement of such liability are:

First, the adjudication of the Comptroller of the insolvency of the bank and that it is in liquidation; and second, the adjudication and order of the assessment or requisition on the shareholders of the bank under section 9689. Deweese v. Smith, 106 F. loc. cit. 441, 45 C. C. A. 408, 66 L. R. A. 971; Kennedy v. Gibson, 8 Wall. 498, 505, 19 L. Ed. 476; United States v. Knox, 102 U. S. 422, 425, 26 L. Ed. 216; Bank v. Case, 99 U. S.

628, 634, 25 L. Ed. 448; Casey v. Galli, 94 U. S. 673, 681, 24 L. Ed. 168; Bushnell v. Leland, 164 U. S. 684, 685, 17 S. Ct. 209, 41 L. Ed. 598.''

Petition for writ of certiorari to the Circuit Court of Appeals was denied in this case by the Supreme Court of the United States, 269 U. S. Rep. (Banking) 587.

Having arrived at the conclusion that no liability may be enforced against the stockholders until the assessment has been made and the amount thereof determined by the Comptroller, it follows that the stockholders are without notice concerning such liability until these matters have been determined by the Comptroller. When these matters have been determined by the Comptroller he may direct the Receiver to enforce the assessments against the individual stockholders and it will thereupon become the first duty of the Receiver to give notice to the stockholders and demand payment of the amount of the assessment before either putting the assets of the bank or the stockholder to the expense of litigation.

The judgment should be affirmed and it is so ordered. Affirmed.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.