JOHN H. TREADWELL, *Plaintiff in Error,* vs. J. E. RILEY, as Receiver for the State Bank of Boca Grande, *Defendant in Error.*

138 So. 757.

142 So. 817.

Division A.

Opinion filed January 11, 1932.

Opinion on rehearing filed June 30, 1932.

*Treadwell & Treadwell,* for Plaintiff in Error;

*Roy D. Stubbs,* for Defendant in Error.

BUFORD, C. J.—In this case the defendant in error sued plaintiff in error on a stock assessment levied by the Comptroller against the plaintiff in error as a stockholder in the State Bank of Boca Grande after such bank became insolvent. The defendant filed one plea, which was in the following language, to-wit:

"That he was not the owner of ten shares of the capital stock of the State Bank of Boca Grande of the par value of $100.00 per share on the 16th day of February 1929, nor was he owner of any other shares in said bank on said date, and denies any liability for the alleged assessment made against him on the 24th day of April, 1929, by the Comptroller of the State of Florida."

The plea states a conclusion of law but as no demurrer was filed we will consider it as a plea denying that the defendant became and was liable as a stockholder in the defunct bank for the amount of an assessment made by the Comptroller. The plea did not put in issue any other matter.

The right of the Comptroller to make an assessment against stockholders is settled in this jurisdiction by the opinion and judgment in the case of Tunnicliffe vs. Noyes, 135 Sou. 505, filed June 6, 1931.

The declaration shows that the plaintiff was appointed Receiver of the Bank on February 22, 1929. The defendant in the court below took the stand and testified in his own behalf. He testified that in the summer of 1929 (which date, we assume, is error as he must have intended to say in the summer of 1928), "I gave to my son Vivian Treadwell the ten shares of stock now in question." He further testified as follows:

"I thereupon prepared a form of assignment of the Certificate No. 2, and signed it, and had the same witnessed, and the certificate for some reason was left upon the desk—as I recall—of the young lady in my office to whom it was dictated. Several weeks after its execution she called my attention to the fact that the assignment had never been mailed to the State Bank of Boca Grande. I thereupon dictated a letter either to the Cashier of the Bank or the bank itself enclosing the assignment in question. That letter, from memory, was dated the 16th of February, 1929. The assignment requested the transfer of this stock—of this certificate—from myself to my son above mentioned. The assignment was returned to

me later either by the Cashier or someone connected with the Bank, advising that it arrived too late as the bank has closed its doors, and I don't know what became of the assignment, except that it was returned to my office. That's all.''

The defendant also testified that the transfer of the certificate from himself to his son was ''purely a gift;'' that the assignment was made in the month of December, or not later than that. He testified that the bank closed its doors on February 16th, 1929.

Under the statute, Sec. 4128 R. G. S., as amended by chapter 13576, Acts of 1929, it is provided:

''Stockholders who shall have transferred their shares or registered the transfer thereof within six months next before the date of the failure of such company to meet its obligations, or with knowledge of such impending failure, shall be liable to the same extent as if they had made no such transfer, to the extent that the subsequent transferee fails to meet such liability; but this provision shall not be construed to affect in any way any recourse which such shareholders might otherwise have against those in whose names such shares are registered at the time of such failure. Provided the seller shall have notified the bank in writing by registered mail or taken receipt from bank therefor.''

It, therefore, appears that the attempted registration of the assignment by Mr. Treadwell, according to his own evidence, was made within six months before the date of the failure of the bank, and, under the provisions of the statute above quoted, he was liable the same as if he had not attempted to transfer the stock to his son.

The declaration contained necessary allegations to establish the liability of the defendant. The defendant did not plead the general issue, but only attempted by his plea to set up as a defense that he was not a stockholder of the defunct bank at the time of the failure of the bank. The plea was defective in that it constituted no defense under the provisions of the statute, but as it was allowed

to stand without challenge, we have considered it in its strongest possible phase to have been a plea denying liability as a stockholder because the defendant was not a stockholder at the time of the failure of the bank or by implication within the statutory period prior to the failure of the bank. All other allegations of the declaration were admitted by the defendant's failure to traverse or deny the same. His own testimony shows his liability as a stockholder and, therefore, there is no error in the judgment and same should be affirmed. It is so ordered.

Affirmed.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J. AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.

---

ON REHEARING.

PER CURIAM.—This case is before us on a rehearing after the previous judgment was affirmed. See foregoing opinion, reported in 138 Sou. Rep. 757.

The petition for re-hearing suggests that the Court overlooked and failed to consider that Section 3 of Chapter 13576 of the Laws of Florida, 1929, was not in force and effect at the time of the closing of the bank on February 22, 1929. Section 3 of the Act referred to became a law on May 31, 1929, and reads in part as follows:

"Stockholders who shall have transferred their shares or registered the transfer thereof within six months last before the date of the failure of such company to meet its obligations or with knowledge of such impending failure, shall be liable to same extent as if they had made no such transfer to the extent that the subsequent transferee fails to meet such liability; * * * ."

The case was heard before the Circuit Judge sitting without jury, and his verdict was for the plaintiff. Even if we eliminate the statute in question from consideration and hold that it cannot retroactively apply to transactions which took effect prior to the day it became a law on May

31, 1929, there still appears in the record competent legal evidence which fully establishes that on the day the Bank of Boca Grande closed on February 22, 1929, the plaintiff in error had not ceased to be, in contemplation of law, a stockholder of the bank, and therefore had not become discharged from his liabilities as such stockholder. See Matteson v. Dent, 176 U. S. 521, 20 Sup. Ct. 419, 44 L. Ed. 571.

We have carefully considered all the contentions of the plaintiff in error urged before us on re-hearing. Our conclusion in regard thereto is that we are still unable to find any basis for reversal of the verdict and judgment complained of. It must therefore stand affirmed on this re-hearing.

Affirmed on rehearing.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL, BROWN AND DAVIS, J.J., concur.