D. S. HUDSON, *Plaintiff in Error*, vs. BANK OF WALDO, a Corporation, *Defendant in Error*.

141 So. 750.

Division A.

Opinion filed May 17, 1932.

*C. R. Layton* and *H. L. Gray*, for Plaintiff in Error; *Adkins & Richardson*, for Defendant in Error.

BUFORD, C. J.—In July, 1929, the Bank of Waldo was taken possession of by the Comptroller under the authority of the State Banking Law. On September 5th the Comptroller, acting under authority of section 4146 R. G. S., as amended by chapter 13576 Acts of 1929, declared the capital stock of the Bank to be impaired and thereupon required the Bank of Waldo to assess upon its capital stock an assessment of 100% of the face value thereof, being in addition to the amount invested in the shares of stock. Thereafter, on September 10th the Bank of Waldo made and levied such assessment of 100% against its various stockholders and such assessment was made immediately due and payable. On September 27th, 1929, the Bank of Waldo re-opened for business by order of the Comptroller and on July 15th, 1930, the Bank filed suit against the plaintiff in error to recover the sum of $400.00, being the assessment on four shares of stock of the par value of $100.00 each, together with interest at 8% from date of the assessment.

Demurrer was filed to the declaration which raised the question as to whether or not a personal action could be

maintained by the plaintiff against the defendant.' The demurrer was overruled.

Thereafter pleas were filed, which were demurred to. Demurrer was overruled as to the first and second pleas; the third plea was stricken because it was an improper plea to the declaration and the demurrer was sustained as to the remainder of the pleas.

The first plea was that the defendant denies that he was a stockholder in the plaintiff corporation at the time alleged or at any time.

The second plea denied ownership of the stock.

As this case must be disposed of upon the question as to whether or not plaintiff could maintain a personal action against the defendant, it is unnecessary to discuss the other questions raised.

In the case of Russ vs. Golson, in which opinion was filed August 7, 1931, reported 136 Sou. 507, we pointed out that there is a difference between an assessment to rehabilitate impaired capital stock and an assessment for the benefit of creditors made upon the stockholders of a defunct bank by the Comptroller when the same has been taken over for liquidation, in the following language:

"Section 4146 and 4128, Revised General Statutes of 1920, set forth above, are substantially the same as the federal statutes on the same subject 5205 and 5151, Rev. St. U. S. title 12, USCA (Banks and Banking) ##55 and 63, and we may conclude that our legislature had the federal law before it when considering this legislation. McNeill vs. Pace, 69 Fla. 349, 68 So. 177; Chavous v. Gornto, 89 Fla. 12, 102 So. 754.

(1) Assessment of bank stock to make good impairment of capital and double liability of stockholders subserves entirely distinct and wholly different purposes. One is an incident of operation; the other is an incident of liquidation. Citizens Bank v. Needham, 120 Kan. 523, 244 P. 7, 45 A. L. R. 1202. The one is the price paid for the privilege of continuing in business, (Delano v. Butler, 118 U. S. 534, 7 S. Ct. 39, 30 L. Ed. 260);

a stock liability (Citizens Bank v. Needham, supra) ; in the nature of reinvestment in stock (Duke v. Force, 120 Wash. 599, 208 P. 67, 23 A. L. R. 1354) ; the other is an individual liability; it does not arise except in case of liquidation, and is enforced for the benefit of creditors of the bank. Citizens Bank v. Needham, supra; Delano v. Butler, supra.''

Sec. 4162 R. G. S. as amended by chapter 13576, Acts of 1929, authorizes the liquidator to sue for and enforce the individual liability of the stockholder which liability shall have been determined by an assessment on the capital stock made by the Comptroller in regard to a bank, banker, banking firm or banking and trust company being liquidated under his supervision, while section 1 of chapter 7930, Laws of Florida, as amended by section 17 of chapter 13576, supra provides what we deem to be the exclusive method of enforcing the personal liability of a share holder against whom an assessment is made under the provisions of sections 4128 and 4146 R. G. S. as amended by chapter 13576. The amendment referred to reads as follows:

"That if any shareholder or shareholders of any banking and trust company or savings bank organized under the laws of the State of Florida shall neglect or refuse after notice to pay any assessment on his or her share or shares of the capital stock of any such company or bank as provided by law, it shall be the duty of the Board of Directors to cause a sufficient amount of the capital stock of such shareholder or shareholders to be sold at public or private auction sale (after ten days notice shall be given by posting such notice of sale in the office of the bank, or by publishing such notice in a newspaper of the city or town in which the bank is located, or in a newspaper published nearest thereto) to make good the deficiency, and the balance, if any, shall be returned to such delinquent shareholder or shareholders.''

It appears that the original statute in Iowa in this regard was practically the same as ours but in 1925 the legislature amended the banking act of Iowa by what became section 9248-al of the 1927 code which reads as follows:

"Should the proceeds of a sale under the preceding section of all the stock of any stockholder be insufficient to satisfy his entire assessment liability, he should be personally liable for the deficiency, which may be collected by suit brought in the name of the bank against the stockholder."

In commenting upon these statutes, the Supreme Court of Iowa in the case of Woodbine Savings Bank of Woodbine v. Shriver, 236 N. W. 10, said:

"Returning again to section 9246 of the 1927 Code, it is found that the legislative provision there is:

'Should the capital stock of any state or savings bank become impaired by losses or otherwise, the superin-- tendent of banking may require an assessment *upon the stockholders.'* — — — — \*\*\*\*\*\*\*\*\*\*

The assessment plainly is not upon the stock, as such but rather upon the stockholders personally. If, under section 9246, above quoted, the assessment is upon appellant individually, then section 9248-a1 in no way changes such individual liability. Originally, under the old statute, the assessment was against the stock holder and not against the stock. Likewise, under the amendment the assessment is still against the stockholder. According to the original statute, the stockholder was personally and primarily liable for the assessment, and section 9248 and its predecessors had to do only with the remedy and nothing else. Then, assuming that the only remedy originally made for the collection of the assessment was to confiscate the stockholder's stock, nevertheless, so far as the remedy was sufficient, the stockholder was personally liable for the assessment. This burden was cast upon the stockholder himself, even though the only remedy to enforce the obligation was by the sale of the stock. Consequently appellant's obligation in the premises has not been increased. He was always obligated to pay the assessment. Of course, if he did not pay, the only remedy under the statute was to sell his stock; yet the obligation to pay was there just the same. Now, under the new legislation the stockholder's liability has not been increased, but rather the remedy for enforcing that obligation has been changed.

Were the remedy a part of appellant's contract, a change thereof would amount to an impairment. Barnitz v. Beverly, 163 U. S. 118, 16 S. Ct. 1042, 41 L. ed. 93; Conley v. Barton, 260 U. S. 677, 43 S. Ct. 238, 67 L. ed. 456.

Obviously in the case at bar, however, we are not confronted with a case where the remedy became a part of the contractual obligation. There is not a syllable in the statutory contract which in any way indicates that the remedy is a part of the agreement. It was not said by the legislature that there could be not other or different remedy. Hence it was perfectly proper for the lawmaking body to adopt section 9248-al of the 1927 Code, because such amendatory legislation pertained to the remedy only. The purpose of this legislative enactment was to afford a more appropriate remedy for an obligation already existing against appellant. Ever since becoming a stockholder of the appellee bank, he was obligated to pay any legal assessment made for the purpose of repairing the capital stock. This new legislation simply recognized that obligation and afforded a more complete remedy to enforce the same.''

In Leach vs. Arthur Savings Bank, 203 Iowa 1052, in discussing the statute as it existed prior to the 1925 amendment the Supreme Court of Iowa said:

"It will be noticed that, under these sections for making an assessment to rehabilitate impaired capital, there is no personal liability created as against the stockholder (under chapter 181, Acts of the Forty-first General Assembly, a personal liability is created for a deficiency) while, under section 1882, the liability provided is a personal liability. The most that could happen to the holder of stock under which an assessment had been made under section 1878 and the following sections is that, if he wished to keep his capital stock, he must pay the assessment; otherwise, if he failed, neglected or refused to pay his assessment, he lost a sufficient amount of his capital stock to pay such assessment, but he was not made personally liable for such assessment. This is the distinction between the effect of section 1878 and its companion sections, providing for

assessment against the stock and the super-added liability provided for by section 1882. Or, to put it another way, the assessment statute is for the purpose of raising funds to continue the bank in operation, while section 1882 carries a liability for liquidation purposes only, which can never be called into operation until the bank has passed into the hands of a receiver.

The claim by appellants herein, that as against their statutory liability, they are entitled to offset the amount paid in by them on what they choose to call 'an assessment,' made in October previous, is not tenable. The two sections of the statute carry separate liabilities. The question is not novel in the law, and has been passed upon by other courts. The assessment made under section 1878 is purely for the benefit of the bank itself and its stockholders, while the liability created under section 1882 is wholly for the benefit of the creditors of the banking corporation. The latter liability constitutes a fund available only when the bank is insolvent and unable to meet its obligations in full. The corporation itself can derive no benefit from the fund, and, as a corporation, cannot compel its payment, or any part of it.''

In Citizens Bank of Lane v. Needham, 120 Kan. 523, 144 Pac. 7, 45 A. L. R. 1202, in discussing a statute of this character, the Supreme Court of Kansas said:

"Should a stockholder fail to pay an assessment on his stock, the bank may sell the stock. Rev. Stat. # 9-107. The assessment being on stock, the liability is a stock liability, not a personal liability, and the stockholder may choose whether he will pay or suffer his stock to be sold. Sale of the stock to satisfy assessment precludes double liability, because double liability is liability of the owner of stock. Choice of the stockholder to pay or not to pay is his own choice, and if he pays the assessment he does so voluntarily.''

In Woodworth v. Bowles, 61 Kan. 569, 60 Pac. 311, it was said:

"It is a general rule, from which, we think, no dissent exists, that, if a statute prescribes a special mode of enforcing the individual liability of the stockholders of corporations, that mode and that alone can be pursued.

The liability can be enfo'rced in no other way. The decisions on the subject are collected in a note to Thompson v. Lake, 19 Nev. 103, 3 Am. St. Rep. 854, 9 Pac. 121. These decisions illustrate the general rule that, where a statute confers a right and at the same time prescribes a remedy for its enforcement, the statutory remedy only can be pursued.''

See also Duke v. Force, 120 Wash. 599, 208 Pac. 67, 23 A. L. R. 1354; and Delano v. Butler, 30 L. Ed. 260.

An interesting discussion of the subject here under consideration will be found in the opinion of the U. S. Supreme Court delivered by Mr. Justice Stone on April 11, 1932, in the case of Shriver vs. Woodbine Savings Bank of Woodbine, Iowa, which is the same case from which we have heretofore cited the opinion of the Iowa Supreme Court.

After careful consideration of the questions involved, our conclusion is that the bank was without authority to maintain the suit. We hold that section 17 of chapter. 13576 provides the exclusive method for enforcing the personal liability of a stockholder of a bank for an assessment made under the provisions of section 4146 R. G. S. as amended by section 7 of chapter 13576, Acts of 1929. A personal liability exists in favor of the bank against the stockholder for the full amount of the assessment but the legislature has limited the method of enforcing that liability by the enactment of section 17 of chapter 13576.

Therefore, the judgment must be reversed and it is so ordered.

Reversed.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J. AND TERRELL, J., concur in the opinion and judgment.

DAVIS, J., concurs specially.

DAVIS, J. (Concurring)—By a comparison of Section 17, of Chapter 13576, acts of 1920, (now section 6078 C. G. L.

1932 supplement) with Section 1 of Chapter 7930, Acts of 1919 which was amended and superseded by the provisions of the 1929 Act, it will be readily seen that the principal purpose of section 17 in the 1929 Act was to dispense with the three months grace given by the 1919 Act to the stockholder to pay his assessment to make good impaired capital. It was also the purpose of the 1929 amendment to provide for imposing upon the bank's board of directors the duty to immediately require stockholders to pay assessments if the bank stayed open for business, rather than confer on the bank the mere *right* to enforce such payment by first electing to give the required three months notice under the 1919 Act. Assuming that there would be a personal liability over against the stockholder for a deficiency after the stock was sold, it seems clear that such personal liability is not enforceable until the provisions of Section 17 of Chapter 13576 are first complied with in an effort to realize the assessment through the statutory sale of the stock which it is the *duty* of the bank to make. To hold otherwise would make the performance of the statutory duty a mere option of the bank. I concur in the result on this theory.