J. S. LISENBY, as Receiver for East Florida Savings & Trust Company, a Banking Corporation, *Plaintiff in Error*, v. S. J. MOTES, *Defendant in Error*.

146 So. 570.

En Banc.

Opinion filed February 10, 1933.

Re-hearing denied March 9, 1933.

*Julian C. Calhoun* and *Richard W. Ervin, Jr.,* for Plaintiff in Error;

*Hilburn & Merryday, J. V. Walton* and *Thomas B. Dowda,* for Defendant in Error.

TERRELL, J.—East Florida Savings and Trust Company, a banking corporation, was created and its powers defined by Chapter 3994, Acts of 1889, Laws of Florida. It continued to do a banking and trust business until July 21st, 1926, when it suspended and was taken in hands by the Comptroller. While in the hands of the Comptroller, but before the appointment of a receiver East Florida Savings and Trust Company adopted a resolution amending its charter as provided by Section 4087, Revised General Statutes of 1920, Section 6061, Compiled General Laws of 1927, said amendments having been approved by the Governor and Secretary of State March 5th, 1927. On March 7th, 1927, East Florida Savings and Trust Company re-opened and resumed business under its amended charter and pursuant to negotiations previously had purchased all the assets and assumed all the liabilities of Palatka Bank and Trust Company, a banking corporation organized under the general banking laws of Florida. Coeval with the purchase of the assets of Palatka Bank and Trust, East Florida Savings and Trust Company issued five hundred shares of new stock which it delivered to the stock-

holders of Palatka Bank and Trust Company in lieu of the old stock in said bank which it called in and cancelled. East Florida Savings and Trust Company continued to do a banking and trust business under its amended charter till it closed and was taken in hand by the Comptroller in September, 1927. At the time it closed S. J. Motes was the owner of two shares of its Capital Stock.

This action was brought by plaintiff in error, as receiver against the defendant in error, S. J. Motes, to recover one hundred per cent. assessment on his stock as authorized by Section 4128, Revised General Statutes of 1920, Section 6059, Compiled General Laws of 1927. A trial by the court without a jury resulted in a judgment for the defendant, a motion for a new trial was denied and this writ of error was taken to that judgment.

The first question presented for our consideration is whether or not stockholders in East Florida Savings & Trust Company, under its amended charter, are liable for the assessments imposed by Section 4128, Revised General Statutes of 1920.

At common law stockholders in a banking or other corporation incurred no liability for its debts except such as might be due it for unpaid subscriptions for capital stock. 3 R. C. L. 396. This rule of the common law was changed in this State by Section 4128, Revised General Statutes of 1920, which imposes a liability on stockholders to the extent of the amount of their stock at the par value thereof in addition to the amount invested therein, in other words double liability.

Chapter 3994, Acts of 1889, under which East Florida Savings & Trust Company was organized and its charter powers defined, provided "the liability of the stockholders shall be that now fixed by the laws of this State." At that time only the common law liability was imposed but Chapter

3864, Acts of 1889, from which Section 4128, Revised General Statutes, *supra,* was taken was passed at the same session of the Legislature, though on a subsequent date.

In this situation the question of the stockholders' liability under the amended charter of East Florida Savings & Trust Company turns on the intent of the amended charter as affected by the law applicable to it.

. The fact that East Florida Savings & Trust Company was created by Chapter 3994, Acts of 1889, a special Act, was not a bar to its amending its charter under the general law as contended by defendant in error. Sections 4045 and 4087, Revised General Statutes of 1920, Sections 5967 and 6061, Compiled General Law of 1927. Citizens Bank & Trust Company v. Mabry, 102 Fla. 1084, 136 So. 714.

The record discloses that at the time East Florida Savings & Trust Company undertook to amend its charter it had suspended business and was in the hands of the Comptroller for liquidation, that preliminary to such amendment it entered into an agreement with its creditors to reorganize and amend its charter to conform to the general banking and trust laws of the State of Florida, admitting as part of the amendatory proceedings that it was out of harmony in certain respects with said banking and trust laws. The amended charter among other things in terms provided:

. "The general nature of the business to be transacted by this company shall be: That of a general banking and trust business with all the rights, powers and privileges granted and conferred by the banking and trust laws of the State of Florida, regulating the organization, powers and management of Banking and Trust Companies, except those powers granted under paragraph 14, Section 4185, Revised General Statutes, relating to title insurance."

The negotiations with the Comptroller incident thereto, the intent of the parties and the terms of the amended char-ter show conclusively that the old charter was abandoned and that the amended charter was to all intents and purposes. a new one under the general banking and trust laws, the Comptroller issued his certificate so certifying and a banking and trust business was in fact conducted under the amended charter for more than six months before it finally closed. Under such circumstances we see no escape from the con-clusion that the stockholders under the amended charter are liable for the assessments imposed on them by Section 4128, Revised General Statutes of 1920. Johnson v. Barton, 79 Fla. 46, 83 So. 722.

But defendant in error contends that he was a stockholder in East Florida Savings & Trust Company under its legis-lative charter prior to amendment and that said charter was amended so as to impair his contract rights without his knowledge or consent.

It was on the theory that the charter was amended with-out the knowledge or consent of defendant in error that the court below held him not liable for the assessments imposed by Section 4128, Revised General Statutes of 1920, but this holding was erroneous. It is shown that when East Florida Savings & Trust Company was organized under the new charter all the old stock was called in and cancelled and new stock was issued under the amended charter. The two shares of stock purchased by appellee on which this action was predicated was of the new issue. It was subscribed and paid for by appellee, due publicity was given to all proceed-ings incident to the amendment of the charter and all re-quirements of law in connection therewith were substan-tially complied with. No fraud is charged to have been per-petrated on appellee, he was never a stockholder under the

statutory charter and was therefore charged with notice of the status of the stock purchased.

The liability of stockholders in a banking corporation for its obligations is primarily contractual and any acquisition of stock implies assent of the owner to the statutory conditions under which the corporation was organized. Tunnicliffe v. Noyes, 101 Fla. 794, 135 So. 505; Randall v. Mickle, 102 Fla. 1229, 138 So. 14, 141 So. 317; Kent v. Lowe, 141 Miss. 523, 106 So. 772, 7 R. C. L. 240.

It is next contended that it is not shown that there are debts or obligations of East Florida Savings & Trust Company upon which a stock assessment against appellee can be legally applied.

The record discloses that at the time East Florida Savings & Trust Company and the Palatka Bank & Trust Company consolidated the two Banks had outstanding obligations aggregating $985,237.96 of which amount $22,378.19 was contracted by the former and $120,171.66 by the latter prior to the consolidation. The balance of $642,688.11 was contracted while the former bank was operating under its amended charter from March 7th, to September 14th, 1927. It is shown that a larger portion of these claims had been proven.

On this showing the Comptroller determined that the assets of East Florida Savings & Trust Company were insufficient to meet its liabilities to its depositors and called on its stockholders to pay to the receiver an amount equal to the full amount of the par value of the shares of stock held by each stockholder in settlement of his liability fixed by law.

In Chavous v. Gornto, 89 Fla. 12, 102 So. 754, we held that it was for the Comptroller to determine when it was necessary to institute proceedings against the stockholders

to enforce their statutory liability, and whether the whole or a part, and if only a part, how much shall be collected. These questions are left to his judgment and discretion, and his determination is conclusive. Tunnicliffe v. Noyes, 101 Fla. 794, 135 So. 505, 7 Fletcher Cyc. Corp., Section 4225, page 7381.

The consolidation agreement between the two banks is not challenged. It was apparently perfected as the law directs. Section 4172, Revised General Statutes of 1920, Section 6113, Compiled General Laws of 1927. So much of the judgment below as holds appellee not liable to the amount of the par value of his capital stock is reversed, otherwise it is affirmed.

Affirmed in part, reversed in part.

DAVIS, C. J., and WHITFIELD, and BUFORD, J. J., concur.