MRS. L. L. HUMPHREYS, *et al.*, v. M. A. SMITH, as Liquidator of the Brevard County Bank & Trust Co.

157 So. 497.
Division B.
Opinion Filed November 14, 1934.
Rehearing Denied December 29, 1934.

*John H. Wahl* and *A. J. Lussie,* for Plaintiff in Error;
*John D. Shepherd,* for Defendant in Error.

WHITFIELD, P. J.—This writ of error was taken to a judgment against a married woman upon an assessment made against her as a holder of shares of stock of a banking corporation which had failed and was in charge of the State Comptroller under the statute which has been held to impose a statutory liability on married women who hold such shares of stock. The married woman's husband was joined with her as a defendant.

The contention that the married woman is not liable under the statute is foreclosed by previous decisions. See Bryan v. Bullock, 84 Fla. 179, 93 So. 182.

The State Comptroller issued the following:

### "LEVY AND ASSESSMENT OF THE SHAREHOLDERS OF A STATE BANK.

"To the Shareholders and to the Liquidator of the Brevard County Bank & Trust Company, Cocoa, Florida.

"Having become satisfied from an examination of the financial condition of the Brevard County Bank & Trust Company, of Cocoa, Florida, being liquidated by a liquidator duly appointed by the Comptroller and confirmed by the Court, that the assets of such Brevard County Bank & Trust Company, of Cocoa, Florida, are not sufficient to meet the liabilities of such bank to its depositors and its other debts and engagements lawfully contracted, it is now hereby determined that it is necessary to call upon the stockholders of the Brevard County Bank & Trust Company, of Cocoa, Florida, to pay in to the Liquidator an amount equal to the full amount of the par value of the shares of stock

held by each stockholder, for the purpose of equally and ratably paying the amount of the liability fixed by law; the same being Section 4128, Revised General Statutes of 1920, Laws of Florida, as amended by Chapter 13576, Acts of 1929.

"The Liquidator of the Brevard County Bank & Trust Company, of Cocoa, is hereby directed to call upon each stockholder of the Brevard County Bank & Trust Company to pay in an amount equal to the amount of their stock in the Brevard County Bank & Trust Company at the par value thereof. Such assessment is hereby determined to be necessary to meet the liability of the Bank and the Liquidator is hereby directed to levy and collect the same.

"Given under my hand and official seal at Tallahassee, the Capital, this the ninth day of January, A. D. 1930.

"ERNEST AMOS,

"*Comptroller.*"

This was a sufficient levy of an assessment against the stockholders; and demand was made upon the stockholder in this case.

Article XI of the Florida Constitution contains the following:

"Section 1. All property, real and personal, of a wife owned by her before marriage, or lawfully acquired afterward by gift, devise, bequest, descent, or purchase, shall be her separate property, and the same shall not be liable for the debts of her husband without her consent given by some instrument in writing executed according to the law respecting conveyances by married women.

"Section 2. A married woman's separate real or personal property may be charged in equity and sold, or the uses, rents and profits thereof sequestrated for the purchase money thereof; or for money or thing, due upon any agree-

ment made by her in writing for the benefit of her separate property; or for the price of any property purchased by her, or for labor and material used with her knowledge or assent in the construction of buildings, or repairs, or improvements upon her property, or for agricultural or other labor bestowed thereon, with her knowledge and consent.

"Section 3. The Legislature shall enact such laws as shall be necessary to carry into effect this article."

Section 1 secures to a married woman in this State all the property, real and personal, owned by her at her marriage or lawfully acquired by her during her coverture as her "separate property," none of which shall be liable for the debts of her husband without her consent given by some instrument in writing as required by law.

Section 2 authorizes the separate property of a married woman to be charged in equity and sold, or the uses, rents and profits thereof sequestrated for specified obligations that may be incurred by her with reference to her separate property. This section does not limit the power of the Legislature to enlarge the contractual rights of married women when controlling provisions of the Constitution are not thereby violated. See Blood v. Hunt, 97 Fla. 551, 121 So. 886; Micou v. McDonald, 55 Fla. 776, 46 So. 291.

A married woman may sell, convey or mortgage her separate real property if her husband duly joins therein. Section 5674 (3801), 5686 (3813) C. G. L. As to sales and transfers of her separate personal property, see Section 5868 (3949) C. G. L.; Chapter 12255, Acts 1927; McNeil v. Williams, 64 Fla. 97, 59 So. 562; Tunno and Jessup & Co. v. Robert, 16 Fla. 738. A married woman may bring suits or actions concerning her real estate without joining her husband or next friend. Section 5870 (3950) C. G. L.; Porter v. Taylor, 64 Fla. 100, 104, 59 So. 400. A married woman may become a free dealer under the statute of this

State, and then convey her property as if she were unmarried. Section 5024 (3218) *et seq.,* C. G. L.; Lerch v Barnes, 61 Fla. 672, 54 So. 763.

Under Section 6059 (4128) C. G. L., a married woman acquires a bank stock in this State subject to all the statutory liability of a bank stockholder. Bryan v. Bullock, 84 Fla. 179, 93 So. 182; Tunnicliffe v. Noyes, 101 Fla. 794, 135 So. 505.

Affirmed.

TERRELL, BROWN and BUFORD, J. J., concur.