[Civ. No. 5347.   Third Appellate District.—August 10, 1935.]

M. A. SMITH, Respondent, v. HARRY L. SHEPLER, Appellant.

Richard J. O. Culver for Appellant.

Jesse E. Jacobson for Respondent.

ROSS, J., *pro tem.*—Judgment was given in favor of plaintiff liquidator against defendant and appellant, a resident of Los Angeles County, California, for $3,739.08, based on his ownership of thirty shares of stock in First State Bank of Winter Haven, in Florida, of the par value of $3,000, interest at seven per cent being allowed on that sum from August 23, 1929, being the date on which the state comptroller of Florida made his order requiring all stockholders in the bank to pay the full amount of their alleged statutory liability, which could not exceed the par value of their shares. Defendant has appealed on a bill of exceptions duly served and filed.

The facts of the case include the following:

The defendant had owned fifteen shares of the stock of said bank for some years; in 1926 he received fifteen additional shares as a 100 per cent stock dividend on which occasion he mailed in his stock certificates and received a new certificate for thirty shares, par value of $3,000.

On May 15, 1929, the bank became insolvent and was placed in charge of the state comptroller as provided by statute. In June, 1929, by order of court, a liquidator, the original plaintiff herein, was named to act pursuant to the statute.

Section 4128, Revised General Statutes of Florida, 1920, provides that: "Stockholders of every banking company shall be held individually responsible equally and ratably and not one

for the other for all contracts, debts and engagements of such company to the extent of the amount of their stock therein at the par value thereof in addition to the amount invested in such shares."

The Florida Bank Act, section 4162, Revised General Statutes, 1920, provides in part that: "Such liquidator under the direction and supervision of the comptroller . . . may, if necessary, to pay the debts of such bank . . . sue for and enforce the individual liability of the stockholders."

In the instant case, the comptroller in August, 1929, made and issued a written order entitled "Levy and Assessment on the Shareholders of a State Bank", by which he declared the necessity for the stockholders to pay the full amount of their liability and directed the receiver, or liquidator, to call upon said stockholders to pay. Demand was made upon the defendant and upon his failure to pay this suit was instituted in the California courts.

Appellant questions the right of the comptroller to levy any assessments, and cites the case of *Wood* v. *Hamaguchi*, 207 Cal. 79 [277 Pac. 113, 63 A. L. R. 861], against such an assessment being enforceable in California. Even respondent refers to the action as being brought on an assessment and not on statutory stockholders' liability.

That is not true. The cause of action arises on the liability of the stockholder under the Florida statutes and this is contractual in its nature.

"The doctrine is settled that the liability of stockholders in a banking company for its obligations is primarily contractual, and any acquisition of the stock implies assent of the owner to the statutory conditions under which the corporation is organized." (*Chavous* v. *Gornto*, 89 Fla. 12 [102 So. 754].)

The so-called "assessment" by the comptroller cannot be compared to the usual corporation assessment. It would more properly be called a requisition.

The Florida statute is substantially the same as the federal statute fixing the liability of shareholders in national banks and the Florida courts follow federal court interpretations. (*Tunnicliffe* v. *Noyes*, 101 Fla. 794 [135 So. 505].)

Indispensable conditions precedent to the enforcement of such liability are the adjudications of the comptroller of the insolvency of the bank and that it is in liquidation, and the adjudication and order of the assessment or requisition on the shareholders of the bank. (*Page* v. *Jones*, 7 Fed. (2d) 541.)

■ Appellant states that on the authority of *Williams* v. *Carver*, 171 Cal. 658 [154 Pac. 472], statutory stockholders' liability is to the creditors, and is no part of the assets of the bank and cannot be enforced by the superintendent of banks. This is undoubtedly the construction given by the California courts to the former provisions of section 136 of the Bank Act, although it will be noted that one reason for the decision in *Williams* v. *Carver, supra* and in *Williams* v. *Carver*, 42 Cal. App. 382 [183 Pac. 669], was that enforcing constitutional liability of stockholders was not embraced within the title of the Bank Act. The liability is not penal, but contractual (*Chavous* v. *Gornto, supra*), and the Florida courts in *McNeill* v. *Pace*, 65 Fla. 349 [68 So. 177], held that the receiver, now called a liquidator, has authority to enforce it.

Appellant states that the rights claimed under the Florida statute provide for a special remedy not enforceable in California, and cites *Russell* v. *Pacific Ry. Co.*, 113 Cal. 258 [45 Pac. 323, 34 L. R. A. 747], and other cases. These cases affirm the undoubted rule that a special remedy created in one state cannot be imported into another state, but none of them say that the right which that remedy is made to enforce cannot be enforced in another state under the procedure of the latter state appropriate to such enforcement, except where, as in the Russell case, *supra*, the special remedy is deemed the exclusive means of enforcing the right. In the instant case, no special remedy has been created by the Florida statute. It is a right that has been created, *in contractu*, that stockholders in an insolvent bank shall pay to the liquidator on proper demand and authorization the amount of their stockholders' liability to the creditors, the liquidator making such collection for the benefit of all the creditors.

■ It is true as to procedure and pleading, the foreign plaintiff appearing in our courts must follow the California law. He is subject to the period of our statute of limitations regardless of the period of similar statutes in his jurisdiction (*Royal Trust Co.* v. *MacBean*, 168 Cal. 642 [144 Pac. 139]), except as provided by section 361 of the Code of Civil Procedure.

But as to the existence of the cause of action, and as to the substantive law applicable thereto, the law of the jurisdiction where the cause arises should apply, and, as a matter of comity

he should be permitted to press his suit herein unless rights of other persons than the litigants are adversely affected by permitting such action, or where the public policy of this state is opposed to such cause of action.|

Appellant quotes Clarke on California Corporations to show that statutory or constitutional stockholders' liability has had a detrimental effect, and states that the policy of enforcing it has been frowned on by the courts wherever possible. But it should be noted that, although the people of California voted the provisions for stockholders' liability out of the Constitution in November, 1930, and the 1931 legislature repealed most of the statutory provisions for it, that legislature retained it as to banking corporations by chapter 196 of Statutes of 1931, at page 338.

\Receivers appointed under another jurisdiction may be permitted to sue in California as a matter of comity, whereever the rights of local creditors are not prejudiced.| (*Wright* v. *Phillips,* 60 Cal. App. 578 [213 Pac. 288].)

A receiver of a Florida bank cannot determine the assessment. The comptroller must do this and his order is conclusive as to the necessity, and upon such order the receiver must make demand and may then enforce payment. (*Tunnicliffe* v. *Noyes, supra.*) This procedure was followed in the instant case. In addition, the evidence showed that claims of creditors required much more than the $150,000, which was the total par value of the capital stock. The findings are all amply supported by the evidence.

In view of our opinion of the law applicable to the case, it seems that the trial court's rulings on objections to testimony were correct. If it might be said that a few of the replies of the witnesses were conclusions, the answer is that the court could hardly reach any other conclusion than that stated by the witness in each case. There are no errors in pleading, procedure or admission of evidence that could possibly be deemed prejudicial or to have resulted in a miscarriage of justice.

The judgment is affirmed.

Thompson, J., and Plummer, Acting P. J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 7, 1935.